**Joel D. JOSEPH et al., Plaintiffs,**

v.

**Langhorne M. BOND et al., Defendants.**

**Civ. A. No. 78–960.**

United States District Court,
District of Columbia.

Jan. 7, 1981.

Joel D. Joseph, Washington, D. C., for plaintiff.

Hubert M. Crean, Special Litigation Atty., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court is Defendants' Motion for Summary Judgment in the above captioned case. Plaintiffs allege that Defendants direct air traffic over their residential property in such a manner as to constitute an inverse condemnation of that property. Plaintiffs seek compensation for the alleged taking of their property.[1] Defendants deny that a taking has occurred and argue in the alternative that if there was a taking, it occurred well before Plaintiffs acquired the subject property and thus, Plaintiffs have no claim. The conclusion is unavoidable that landowners who did not own land at the time an avigation easement was taken may not maintain an action against the Government for eminent domain compensation. Defendants' motion is granted.

Plaintiffs are owners of property located at 1412 Foxhall Road, N.W., Washington, D.C., which is approximately 3.5 nautical miles north of Washington National Airport. National Airport is owned and operated by Defendant Federal Aviation Administration. Plaintiffs maintain that aircraft taking off from and landing at Na-

---

1. The complaint claims damages of $9,999, the maximum amount within this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) (1976).

**454**

tional Airport overfly their Foxhall Road property at altitudes below 1,000 feet.[2] Since Defendants control the arrival and departure of aircraft at National Airport and direct the flight paths, Plaintiffs contend that Defendants have taken a so-called avigation easement by allowing flights below 1,000 feet over the Foxhall Road property. Plaintiffs rely on the avigation easement eminent domain principles enunciated in *United States v. Causby*, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946).

Defendants deny that flights directly overfly Plaintiffs' property. Alternatively, Defendants argue that even if there is an avigation easement, Plaintiffs have not suffered substantial damages to their property as a result of such flights.[3] Defendants also maintain that even if an avigation easement exists, it was created well before Plaintiffs became owners of the Foxhall Road property and thus, they may not maintain an action for eminent domain compensation.

In their uncontested Local Rule 1–9(h) Statement of Material Facts, which under the rule the Court must accept as true, Defendants state that the altitude, frequency, flight paths and noise of aircraft in the Foxhall Road area have not significantly changed since 1966. Plaintiff Joseph acquired his interest in the Foxhall Road property in 1973; Plaintiff Singer acquired her interest in the property in 1977. Thus, any taking in the form of an avigation easement occurred before Plaintiffs acquired the subject property.

The person entitled to compensation for a taking of property by the Government is the owner of the property at the time of the taking. *Dow v. United States*, 357 U.S. 17, 20, 78 S.Ct. 1039, 2 L.Ed.2d 1109 (1958). In this case, the Plaintiffs did not, either individually or jointly, have any proprietary interest in the Foxhall Road property in

1966, when the Government arguably took an avigation easement in the airspace above the land. *See Lacey v. United States*, 595 F.2d 614 (Ct.Cl.1979). Without reaching the question of whether an avigation easement actually exists, this Court holds that Plaintiffs are barred from pursuing this action since they were not the owners of the property at the time of the alleged taking.

---

**2.** Airspace in an urban area over an altitude of 1,000 feet is in the public domain. *United States v. Causby*, 328 U.S. 256, 263, 66 S.Ct. 1062, 1066, 90 L.Ed.2d 1206 (1946); 14 C.F.R. § 91.79 (1980).

**3.** Plaintiffs purchased the subject property for $48,000 in 1973 and recently listed the property for sale at an asking price of $197,750. The assessed tax valuation of Plaintiffs' property rose from $22,000 in 1973 to its present valuation of $94,531.