This case is before the court without oral argument on defendant’s motion for summary judgment. For the reasons discussed below, we allow that motion in part. On the court’s own motion, we dismiss as beyond our jurisdiction plaintiffs claims in part. We remand the remainder of plaintiffs claims to our trial division for further proceedings.
Plaintiff Allen was "recruited” by the Drug Enforcement Agency (DEA) to provide confidential information. During 1978 and 1979, plaintiff was paid sums of money aggregating $15,000. The parties seem to agree that plaintiffs information contributed, at least in part, to the 1978 seizure of a ship named the "Heidi.” At that time the Heidi’s crew was arrested and the Heidi’s cargo of marijuana was confiscated. In this suit, Allen seeks additional money allegedly due him for his information. The Government has moved for summary judgment. We discuss Allen’s theories of entitlement separately.
*516 A. Express or Implied Contract
Allen’s first theory is that DEA Agents Ted Weed and Charles Story promised him $50,000 plus expenses for his assistance. Thus, Allen invokes our 28 U.S.C. § 1491 (1976) jurisdiction over "any claim * * * founded * * * upon any express or implied contract with the United States * * *.” It is well settled, however, that the United States is not estopped to deny the unauthorized acts of its agents. E.g., Federal.Crop Insurance Corp. v. Merrill, 332 U. S. 380, 384 (1947). One who deals with the Government assumes the risk that the officials with whom he deals have no authority. Thanet Corp. v. United States, 219 Ct. Cl. 75, 85, 591 F. 2d 629, 635 (1979); Jackson v. United States, 216 Ct. Cl. 25, 41-42, 573 F. 2d 1189, 1197 (1978). Assuming arguendo that Agents Weed and Story made the promise plaintiff alleges, that promise cannot bind the United States unless the agents had actual authority to bind the Government. See Housing Corp. of America v. United States, 199 Ct. Cl. 705, 711-712, 468 F. 2d 922, 925 (1972); Operational Manuals, Inc. v. United States, 205 Ct. Cl. 854, 856 (1974).
Here, the affidavits of Agent Weed, Agent Story, and two senior DEA officials, Frederick A. Rody, Jr., and John Evans, uniformly assert that neither Agent Weed or Agent Story had authority to promise Allen compensation. At most, Agents Weed and Story could apparently only recommend to their DEA superiors that informants such as Allen receive compensation. Plaintiff offers no affidavits of his own to controvert the facts set forth in these affidavits. Summary judgment for defendant would appear appropriate on this issue. See Court of Claims Rule 101(f); Ridgewell’s Inc. v. United States, 228 Ct.Cl. 393, 397, 655 F.2d 1098, 1100-01 (1981), and cases cited thereat; Pacific Far East Line, Inc. v. United States, 206 Ct. Cl. 378, 385, 513 F. 2d 1355, 1359 (1975).
Plaintiff seeks to avoid summary judgment on his contract claim under a variety of theories. Plaintiff cites Gay Street Corp. v. United States, 130 Ct. Cl. 341, 127 F. Supp. 585 (1955), and Byrne Organization, Inc. v. United States, 152 Ct. Cl. 578, 287 F. 2d 582 (1961), to argue that an agent *517 with apparent authority can bind the United States. Neither case supports that proposition and the rule in this court is clearly to the contrary. E.g., Jackson, 216 Ct. Cl. at 41 n.2, 573 F. 2d at 1197 n.2, and cases cited thereat.
Plaintiff also argues the agents contracted for the purchase of Allen’s testimony under the admitted authority of the Special Agent in Charge of the Miami office to pay up to $30,000 for evidence. Leaving aside whether information such as Allen supplied is within the relevant definition of "evidence,” plaintiff has simply not alleged or set forth in affidavit that Agent Weed or Agent Story during the relevant period was the Special Agent in Charge or was delegated the Special Agent’s authority. Merely noting that the Special Agent in Charge had such authority falls far short of showing there is a genuine issue for trial whether Agent Weed or Agent Story had such authority and exercised it with regard to Allen.
Plaintiff further argues that the affidavits which indicate Agents Weed and Story had no authority to promise Allen compensation should be disregarded. As to the Evans affidavit submitted with defendant’s moving brief, plaintiff suggests the affidavit is "incompetent” because it lacks a notarial seal. Plaintiff clearly ignores 28 U.S.C. § 1746 (1976). Under that section, a statement subscribed under the penalty of perjury may function as an affidavit. Thus, the Evans statements are within the purview of a Rule 101(f) affidavit. Plaintiff challenges the Weed, Story, and Rody affidavits as untimely and has moved to strike. Plaintiff complains of prejudice in that inclusion of those affidavits with defendant’s reply brief allegedly afforded plaintiff no opportunity to reply. On the issue of actual authority, however, these later affidavits merely buttressed defendant’s position taken in the moving brief and supported by the accompanying Evans affidavit. The Evans affidavit alone required plaintiff to raise a genuine issue of fact as to the agents’ authority or face summary judgment under Rule 101(f). In any event, plaintiff devoted a portion of his "Motion to Strike Defense Exhibits” to comment on and reply to these later affidavits. Plaintiffs motion to strike will be denied as there has been no prejudice here. The Weed, Story, Rody, and Evans affidavits may properly be *518 considered to determine whether summary judgment is warranted.
Based on the foregoing, it is apparent plaintiff has failed to raise a genuine issue of material fact which would preclude summary judgment on the contract portion of plaintiffs claim. Summary judgment is appropriate for defendant in that Agents Weed and Story lacked authority to bind the United States. Although not discussed, we reject each of plaintiffs other arguments against summary judgment on the contract claim.
B. 21 U.S.C. § 886(a)
Plaintiff also invokes our jurisdiction over "any claim * * * founded * * * upon * * * any Act of Congress, * * Not every claim that involves a statute, however, is within our jurisdiction. See, e.g., Wilson v. United States, ante at 512, 513: Eastport Steampship Corp. v. United States, 178 Ct. Cl. 599, 605, 372 F. 2d 1002, 1007 (1967). As relevant here, only statutes which command the payment of money to the plaintiff will found suit in this court. The Supreme Court requires no less. United States v. Testan, 424 U. S. 392, 400 (1976).
A second theory of recovery suggested by plaintiffs submissions is that 21 U.S.C. § 886(a) allows recovery. That section provides:
§ 886. Payments and advances
(a) The Attorney General is authorized to pay any person, from funds appropriated for the Drug Enforcement Administration, for information concerning a violation of this subchapter, such sum or sums of money as he may deem appropriate, without reference to any moieties or rewards to which such person may otherwise be entitled by law.
The section plainly places the payment of any sum entirely within the discretion of the Attorney General (or his designees). Where the payment of money is wholly discretionary, a statute simply does not command the payment of money and there is no claim within our jurisdiction. See Doe v. United States, 224 Ct.Cl. 632, 635 (1980); Saracena v. United States, 206 Ct. Cl. 90, 95-96, 508 F. 2d 1333, 1335- *519 1336 (1975). See also Shull v. United States, 228 Ct.Cl. 750, 755-57 (1981), and cited thereat. To the extent plaintiffs claims are based on 21 U.S.C. § 886(a), they must be dismissed.
C. 19 U.S.C. § 1619
Under 21 U.S.C. § 881(d) and 49 U.S.C. §784, certain provisions of the general customs laws are made applicable to drug-related seizures. These other provisions include 19 U.S.C. § 1619. Under that section,
Any person not an officer of the United States * * * who furnishes * * * original information [leading to a] forfeiture * * * may be awarded * * * a compensation of 25 per centum of the net amount recovered [from sale] but not to exceed $50,000 in any case, * * *.
Where the United States does not sell the forfeited item, "compensation of 25 per centum of the appraised value * * * may be awarded * * * under the provisions of [19 U.S.C. § 1619] but not to exceed $50,000 in any case.” Based solely on the use of "may,” it might be argued that this statute, like 21 U.S.C. § 886(a), is wholly discretionary and founds no claim within our jurisdiction. The Government does not make such an argument, no doubt based on this court’s decision in Tyson v United States, 91 Ct. Cl. 139, 32 F. Supp. 135 (1940), and its progeny. In Tyson, we concluded that an essentially similar predecessor statute allowed an informer an absolute right to compensation once the requirements of the section were met. Other federal appeal-late courts have reached a similar conclusion as to present-day 19 U.S.C. § 1619 or its predecessors. E.g., Taylor v. United States, 550 F. 2d 983 (4th Cir. 1977); Wilson v. United States, 135 F. 2d 1005 (3d Cir. 1943). A claim under 19 U.S.C. § 1619 is within our jurisdiction.
According to plaintiff, entitlement exists under 19 U.S.C. § 1619 without regard to sums paid as compensation under 21 U.S.C. § 886(a). Plaintiff continues that under the pre-November 30, 1979, version of 21 U.S.C. § 881(d), the base amount for computing 19 U.S.C. § 1619 entitlement must include the fair market value of 112 tons of marijuana and *520 a radar set which were seized, as well as the net recovery from the sale of the Heidi itself. Thus, plaintiff says, a trial is warranted to determine the relevant fair market values and, ultimately, 19 U.S.C. § 1619 entitlement. To the extent he has not already received his 19 U.S.C. § 1619 entitlement, plaintiff concludes, he may recover in this court.
Not surprisingly, the Government takes a different view. It is the Government’s theory that a version of 21 U.S.C. § 881(d) effective after November 30, 1979, controls. The section was modified, says the Government, expressly to preclude informers from claiming rewards based on the value of illicit drugs. Sovereign immunity and other notions require, the arguments goes, application of the later version of 21 U.S.C. § 881(d). Once the fair market value of the marijuana is excluded, and as the value of the radar set is not in dispute, it becomes apparent the $9,950 reward paid to Allen exceeds Allen’s 19 U.S.C. § 1619 entitlement.
After carefully reviewing the parties’ submissions, we conclude summary judgment is presently inappropriate. Title 21, section 886(a) is clear that payments made under that section are to be made independently of "any moieties or rewards,” as, for example, those under 19 U.S.C. § 1619. It follows, we think, that payments made under the authority of 21 U.S.C. § 886(a) do not reduce entitlement under 19 U.S.C. § 1619. As relevant here, only a payment under 19 U.S.C. §1619 can satisfy 19 U.S.C. § 1619 entitlement.
The defendant’s affidavits and a supporting document do disclose that of the total $15,000 Allen received at least $9,950 was paid him as a "reward.” Nothing in this record makes clear the statutory basis for that "reward.” While defendant apparently would have us infer this award was paid under 19 U.S.C. § 1619, we decline to do so. We are therefore presently unable to determine whether plaintiff has 19 U.S.C. § 1619 entitlement in excess of that, if any, which he has received. Moreover, whether plaintiff received an award under 19 U.S.C § 1619 in March 1979 (or at any other time prior to November 30, 1979) may have a bearing on which version of 21 U.S.C. § 881(d) applies. For these reasons, summary judgment on plaintiffs 19 U.S.C. § 1619 *521 claim is presently inappropriate. We remand this portion of plaintiffs claims to our trial division.
D. Interest
Plaintiff Allen also seeks interest on any amounts to which he is entitled. He has not, however, cited any contractual or statutory authority for the payment of interest. Consequently, plaintiff cannot recover interest. 28 U.S.C § 2516(a); United States v. Thayer-West Point Hotel Co., 329 U. S. 585 passim(1947); United States v. Mescalero Apache Tribe, 207 Ct. Cl. 369, 518 F. 2d 1309 passim (1975), cert. denied, 425 U. S. 911 (1976). Summary judgment for defendant is appropriate to the extent plaintiff claims interest.
it is therefore ordered that to the extent plaintiffs claims are based on contract or interest, defendant’s motion for summary judgment is allowed. Defendant’s motion is hereby otherwise denied without prejudice. IT IS FURTHER ORDERED on the court’s own motion that to the extent plaintiffs claims are based on 21 U.S.C. § 886(a), the petition is hereby dismissed as beyond our jurisdiction. To the extent plaintiffs claims are founded on 19 U.S.C. § 1619, the case is hereby remanded to the trial division for further proceedings consistent with the above order. All other motions [1] presently before the court are denied.

 Plaintiffs motion for leave to take depositions upon oral examination; plaintiffs motion to strike exhibits; defendant’s motion for an order suspending discovery; and defendant’s motion for leave to file substitute affidavit.