This case is before the court without oral argument on defendant’s motion for summary judgment.
Plaintiffs herein are homeowners in the Washington, D. C., area. Their petition seeks just compensation for an avigation easement defendant allegedly has taken by allowing flights to and from Washington National Airport (wna), which defendant owns, to operate over plaintiffs’ properties. Although such flights generally are not by defendant’s aircraft and are not crewed by defendant’s personnel, plaintiffs claim the principles of United States v. Causby, 328 U. S. 256 (1946), nevertheless require defendant to pay compensation. Inter alia, defendant contends the 6-year statute of limitations of 28 U.S.C. §2501 (1976) bars plaintiffs’ claims. We agree the statute of limitations bars these claims and therefore treat the motion for summary judgment as one for dismissal.
We assume arguendo that regulation of landings and take-offs at an airport defendant owns, such as wna, may constitute a taking of an avigation easement for which compensation is owed. Compare, e.g., Ackerman v. Port of Seattle, 55 Wash. 2d 400, 348 P. 2d 664 (1960) (Port of Seattle held liable, as operator of Seattle-Tacoma Airport, *1038 for the taking of avigation easements). We have previously held that an avigation easement is taken when aircraft are first operated regularly and frequently at low altitudes over a parcel of land with the intention of continuing such flights indefinitely. E.g., Lacey v. United States, 219 Ct. Cl. 551, 559, 595 F. 2d 614, 618 (1979); Adaman Mutual Water Co. v. United States, 143 Ct. Cl. 921, 924, 181 F. Supp. 658, 660 (1958). The affidavits supporting defendant’s motion are clear that (1) the aircraft presently operating at wna, with one minor exception, have been in continuous operation since 1966, (2) the altitude and flight paths of such aircraft have not changed materially since 1966, (3) the number of flights per hour into and out of wna has not changed appreciably since 1966, and (4) the hours at which wna is operated have remained largely unchanged since 1967. Defendant’s affidavits also indicate that the constancy of these facts is at least partially explained by the High Density Rules the Federal Aviation Administration has promulgated for traffic-intense airports such as wna. Those Rules are presently contained at 14 C.F.R. §§93.121-93.133 (1981). See also 14 C.F.R. §159.40 (1981). Under our case law, defendant’s affidavits show that a taking occurred, if at all, no later than 1967. See Lacey v. United States, supra, 219 Ct. Cl. at 559, 595 F. 2d at 618-619. See also Joseph v. Bond, 507 F. Supp. 453, 454 (D. D.C.), aff'd, No. 81-1276 (D.C. Cir., 1981).
Plaintiffs offer no affidavits of their own to controvert the facts defendant’s affidavits set out. Instead, plaintiffs rely on general allegations that operations at wna in fact have increased significantly in recent years and that defendant’s alleged taking only recently has been manifested through unbearable noise. Thus, plaintiffs claim, the cause of action for compensation only now has arisen. See, e.g., Klein v. United States, 152 Ct. Cl. 221, 224, cert. denied, 366 U. S. 936 (1961). See also United States v. Dickinson, 331 U. S. 745, 747-749 (1947). Plaintiffs’ theory, however, must fail. Where one party, here the defendant, has presented various facts by proper affidavits, the other party cannot raise a triable issue merely by alleging contrary facts. Instead, the party asserting that the facts are contrary must employ detailed and precise affidavits of its own which set forth *1039 with particularity the facts it claims are in dispute. See, e.g., Rule 101(f); Allen v. United States, 229 Ct. Cl. 515, 516 (1981); Foote Mineral Co. v. United States, 228 Ct. Cl. 230, 238, 654 F. 2d 81, 87 (1981), and cases cited thereat. Only then will a triable issue be raised.
Plaintiffs here have thus raised no triable issue as to when their claims accrued. Based on defendant’s affidavits, we conclude defendant took an avigation easement, if at all, no later than 1967. As plaintiffs’ petition was filed in May 1980, 28 U.S.C. §2501 clearly bars this action. Plaintiffs’ remaining contentions have been fully considered and found also to be without merit.
it is therefore ordered that defendant’s motion for summary judgment, which we have treated as one for dismissal, be and is hereby allowed. The petition is dismissed.
Plaintiffs’ petition for a writ of certiorari was denied January 10,1983.