Michael A. NICOLAS, Pro Se, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–77 C.

United States Court of Federal Claims.

April 18, 1996.

Michael A. Nicolas, Pro Se, Harrisonburg, Virginia, for plaintiff.

John C. Erickson, III, with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, Assistant Director Kirk T. Manhardt, Department of Justice, Washington, D.C., and Arthur I. Rettinger, Chief Counsel's Office, United States Customs Service, for defendant.

**OPINION**

WIESE, Judge.

*Introduction*

The plaintiff in this case, Michael A. Nicolas, is a *pro se* claimant who seeks compensation from the United States for providing information to the United States Customs Service that allegedly led to the apprehension of individuals involved in a drug smuggling operation and to the seizure and forfeiture of property used in that operation. Plaintiff bases his claim on specific provisions of Title 19 (the "customs laws") and Title 21 (the "drug laws") of the United States Code. The case is now before the court on defendant's motion to dismiss for lack of subject matter jurisdiction. The parties filed written briefs and oral argument was heard on March 18, 1996. For the reasons set forth below, we treat defendant's motion as one to dismiss for failure to state an actionable claim and dismiss plaintiff's complaint on that basis.

*Background*

For the purpose of analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, we assume the facts alleged in the complaint to be true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94

S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Thus, according to Mr. Nicolas's amended complaint, he contacted an agent of the Drug Enforcement Administration (DEA) in July of 1988 and offered to provide information about a particular individual's involvement in a drug smuggling operation. The DEA agent explained that the Customs Service was already investigating the matter and accordingly referred Mr. Nicolas to Joe Rosen, a Special Agent with the Customs Service, in charge of that investigation.

Mr. Nicolas contacted Special Agent Rosen and, over the next month and a half, provided him with information pertinent to the drug smuggling operation. During that time, Special Agent Rosen, it is asserted, repeatedly assured Mr. Nicolas that he would recommend that Mr. Nicolas receive a reward equal to 25 percent of the value of any property seized and forfeited as a result of the investigation. According to Mr. Nicolas, the information he provided Mr. Rosen led to the arrest and conviction of the suspected smugglers as well as to the seizure and forfeiture of their property including 1100 pounds of marijuana, four residences located in San Diego, California, six vehicles, and an unspecified amount of cash. The arrests were made and the property was confiscated by officers of the Customs Service. Mr. Nicolas estimates the value of the seized property at well over $1 million. Based on these facts, Mr. Nicolas claims that, under the drug and customs laws, he is entitled to a $250,000 reward.

## Discussion

### A.

■ Before turning to the substantive arguments before us, we first address a procedural matter concerning the proper classification of defendant's motion. As indicated, defendant has styled its motion as one to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). However, the argument offered in support of the motion more appropriately suggests that the infirmity defendant sees in plaintiff's case is not that the claim cannot be heard here but, rather, that the law provides no basis for relief. To explain: Plaintiff's claim for compensation is based on the informer award provision of the customs laws, 19 U.S.C. § 1619 (1994). In its motion to dismiss, however, defendant does not assert that a claim based on that provision lies outside the court's jurisdiction. Rather, defendant's position is that, as a matter of law, the informer award provision does not apply to the situation alleged in the complaint. Since defendant's motion strikes at the merits of plaintiff's claim, rather than at the court's power to decide the claim, it is properly classified as a motion to dismiss for failure to state a claim under RCFC 12(b)(4). *See Foreman v. United States*, 60 F.3d 1559, 1561–62 (Fed.Cir.1995). Therefore, we treat defendant's motion as one to dismiss for failure to state a claim and proceed on that basis.[1]

### B.

The Customs Service is responsible not only for the enforcement of the customs laws (the laws prescribing the duties to be collected upon the importation of goods), but also numerous other laws—administered by other government agencies—that limit or control the flow of articles and materials across the nation's borders. *See* 19 C.F.R. § 161.2 (1995). Examples of other laws enforced by the Customs Service include: the restrictions

---

1. Because both parties have taken advantage of the opportunity to address the substantive issue of law before the court, re-classifying defendant's motion by correcting its title occasions no prejudice to either party. *See Dennis v. Hein*, 413 F.Supp. 1137, 1139 (D.S.C.1976) (holding that a district court may convert a Fed.R.Civ.P. 12(b)(1) motion into a Fed.R.Civ.P. 12(b)(6) motion when "the memoranda submitted by both parties more than adequately discussed the sufficiency of plaintiff's ... claim despite the erroneous designation of the ground for the motion"), *cited with approval in Carter v. Norfolk Community Hospital*, 761 F.2d 970, 974 (4th Cir.1985) and *Sacks v.*

*Reynolds Securities*, 593 F.2d 1234, 1239 (D.C.Cir.1978). We also note that our decision rests entirely on the allegations set forth in the amended complaint. *Cf. Laird v. Ramirez*, 884 F.Supp. 1265 (N.D.Iowa 1995) (stating the rule that "if the court considers matters outside the pleadings, ... it may not, without notice to the parties, convert a motion to dismiss for lack of subject matter jurisdiction ... into a motion to dismiss for failure to state a claim ... which is subject to summary judgment disposition, because to do so would not allow the parties to respond to the issue the court is weighing for summary judgment").

affecting the importation and exportation of firearms and ammunition—an area of trade within the supervisory authority of the Bureau of Alcohol, Tobacco and Firearms; the limitations placed on the importation and exportation of controlled substances—an area of regulation within the province of the Drug Enforcement Administration; and, the importation and exportation of atomic energy source materials and fissionable materials—activities within the licensing authority of the Nuclear Regulatory Commission. *Id.* In each of these areas, the Customs Service is authorized to seize and proceed against articles intended for importation or exportation "contrary to law" as well as against the vessels, vehicles and aircraft used to accomplish the illegal commerce. *See* 19 U.S.C. §§ 482 and 1595a (1994) (authorizing customs officers to conduct searches and seizures as part of investigations into importations "contrary to law.").

In the discharge of its enforcement responsibilities, the Customs Service is guided by the provisions of 19 U.S.C. §§ 1595–1621 (1994). These sections set out the procedures applicable to the conduct of the searches and seizures carried out by the Customs Service and to the disposition of property seized by customs officials. Also included here is the provision governing payment of awards to informers, 19 U.S.C. § 1619.

 Relevant to the present problem is 19 U.S.C. § 1600 (1994). That section, captioned "Application of the customs laws to other seizures by customs officers," reads as follows:

The procedures set forth in sections 1602 through 1619 [relating, in the main, to the disposition of seized property] of this title shall apply to seizures of any property effected by customs officers under any law enforced or administered by the Customs Service <u>unless such law specifies different procedures.</u> [Underscoring added].

The underscored text—"unless such law specifies different procedures"—points to the problem at hand. It is undisputed that Customs Service officers, when engaged in activities involving the interdiction and seizure of illegal drugs, are acting under the authority of the drug laws, not the customs laws. *See Taylor v. United States,* 550 F.2d 983, 987 (4th Cir.1977) (citing *United States v. Ledesma,* 499 F.2d 36 (9th Cir.), *cert. denied sub nom. Quiroz–Santi v. United States,* 419 U.S. 1024, 95 S.Ct. 501, 42 L.Ed.2d 298 (1974)). Hence, the question that arises here—anticipated in the wording of 19 U.S.C. § 1600—is whether the drug laws specify "different procedures" for the payment of informer rewards than are called for by the customs laws. The importance of the question lies in the fact that, under the customs laws, informer awards have been held to be mandatory, *see Lewis v. United States,* 32 Fed.Cl. 59 (1994) (construing 19 U.S.C. § 1619 as money-mandating), whereas, under the drug laws, such payments are clearly discretionary. *See* 21 U.S.C. § 886(a) (1994) (authorizing payment to informer of "such sum or sums of money as [Attorney General] may deem appropriate") and *Allen v. United States,* 229 Ct.Cl. 515 (1981) (finding that 21 U.S.C. § 886(a) is not money-mandating).

Plaintiff contends not only that the drug laws do not specify different procedures but that those laws, in fact, specifically adopt the payment authority set forth in the customs laws at 19 U.S.C. § 1619.[2] In support of his

---

**2.** 19 U.S.C. § 1619 authorizes the Secretary of the Treasury to pay an award to an informer who supplies the Customs Service with original information that leads to the seizure and forfeiture of property under the customs laws. In relevant part, § 1619 provides that:
"If—
(1) any person who is not an employee or officer of the United States—
\* \* \* \* \* \*
(B) furnishes to a United States attorney, the Secretary of the Treasury, or any customs officer original information concerning—

\* \* \* \* \* \*
(ii) any violation of customs laws ... and
(2) such ... information leads to a recovery of—

\* \* \* \* \* \*
(B) any ... forfeiture of property ...
the Secretary may award and pay such person an amount that does not exceed 25 percent of the net amount so recovered."

contention, plaintiff refers us to the previously-cited decision in *Taylor v. United States, supra.* In 1977, when *Taylor* was decided, section 881(d) of Title 21 read in pertinent part as follows:

All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims and the award of compensation to informers in respect of such forfeitures shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this subchapter,[3] insofar as applicable and not inconsistent with the provisions hereof.... [Underscoring added].

As plaintiff correctly points out, the reference in the underscored text to an "award of compensation to informers," is a reference to 19 U.S.C. § 1619—the informer award provision of the customs laws. As of 1977 then, plaintiff is correct in saying that informer compensation under the drug laws was governed by the same provision that governed such compensation under the customs laws.

The problem with plaintiff's argument, however, is that two years after the *Taylor* decision was handed down Congress amended section 881(d) by deleting the language that incorporated section 1619. Section 881(d), as amended, now reads in pertinent part as follows:

The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof....

As the quoted text makes clear, forfeitures and seizures carried out under the drug laws are governed by many of the same procedural mechanisms that apply to seizures and forfeitures carried out under the customs laws. Specifically, section 881(d) calls for adherence to those provisions of the customs laws that govern summary and judicial forfeiture proceedings, condemnation and disposition of property actions, remission and mitigation of forfeiture activities, and procedures relating to the compromise of claims.

■ What is significant about this enumeration is that it does not include any reference to, nor otherwise address, the awarding of compensation to informers. Given that the customs laws specifically contain such a provision in 19 U.S.C. § 1619, the absence of any reference to such a provision in § 881(d) is telling. One is bound to conclude that the authority recognized in the customs laws to pay an award to an informer has not been carried over into the drug laws through section 881(d). Thus, in the fulfillment of their drug enforcement responsibilities, agents of the Drug Enforcement Administration may not look to the informer award provision of the customs laws as their authority to effect payment for information.

Does the same restriction also govern when drug enforcement activities are being carried out by officers of the Customs Service? The answer is yes. As earlier noted, 19 U.S.C. § 1600 directs that, in the conduct of their enforcement activities, customs officers are to adhere to the provisions of the customs laws unless the "law [being] enforced or administered by the Customs Service ... specifies different procedures." That is the case we have here: in regard to informer awards, the drug laws do specify "different procedures." The differing procedure is found at 21 U.S.C. § 886(a) (1994). Under that section, the Attorney General is granted discretionary authority "to pay any person ... for information concerning a violation" of the drug laws without regard to other rewards that person may be entitled to

---

**3.** "[T]his subchapter" refers to Subchapter I of Chapter 13 of Title 21, titled "Control and En- forcement."

receive under the non-drug laws. Section 886(a) reads as follows:

The Attorney General is authorized to pay any person, from funds appropriated for the Drug Enforcement Administration, for information concerning a violation of this subchapter, such sum or sums of money as he may deem appropriate, without reference to any moieties or rewards to which such person may otherwise be entitled by law.

Thus, notwithstanding the absence of any reference to informer awards in section 881(d), the drug laws do, in fact, contain their own informer award authority. Accordingly, like their DEA counterparts, customs officers have no authority to invoke 19 U.S.C. § 1619 as a basis upon which to grant payment for information concerning violations of the drug laws.

Our reading of sections 881(d) and 886(a) and their relation to 19 U.S.C. § 1619 is confirmed by legislative history. As explained in the relevant congressional report, S.Rep. No. 173, 96th Cong., 1st Sess. 36 (1979), the deletion of the reference to informer awards from the earlier text of section 881(d) was intended to disengage that provision of the customs laws (19 U.S.C. § 1619) from seizures carried out under the drug laws. The report reads as follows:

The exclusion of mandatory payment of moieties for seizures of contraband controlled substances is accomplished through Section 17 of the bill,[4] amending Section 511(d) of the Controlled Substances Act. Section 511(a) [should read: 511(d) ] of the Controlled Substances Act (21 U.S.C. 881(d)) makes applicable 19 U.S.C. 1619, which provides in substance that informants who furnish information leading to the seizure and forfeiture of goods under the customs laws are entitled to compensation of up to 25 percent of the value of the forfeited goods, not to exceed $50,000.

The Drug Enforcement Administration and the Bureau of Customs have declined to pay any awards to informants under this provision for contraband controlled substances, because they have no legitimate commercial value. While small quantities of contraband controlled substances may be retained by the Government from time to time for research, by and large all contraband drugs are destroyed.

However, claims for compensation have been filed under 21 U.S.C. 881, and the U.S. District Courts are not certain as to the Congressional intent in making payments under the statute for contraband goods that have no value except on the illicit market....

Therefore, it is essential that the Congress clarify this issue. The Drug Enforcement Administration will still be able to provide payment of awards to informants under the general authority of section 516(a) of the Act (21 U.S.C. 886(a)) which states:

(a) The Attorney General is authorized to pay any person, from funds appropriated for the Bureau of Narcotics and Dangerous Drugs (now the Drug Enforcement Administration by Reorganization Plan No. 2 of 1973), for information concerning a violation of this subchapter, such sum or sums of money as he may deem appropriate, without reference to any moieties or rewards to which such person may otherwise be entitled by law.

A change in 21 U.S.C. 881 is fully justified; the Government should not be paying a moiety for goods having no legitimate value.

S.Rep. No. 173, 96th Cong., 1st Sess. 36 (1979), *reprinted in* 1979 U.S.C.C.A.N. 2003, 2039–2040.

Considered in light of the foregoing, it is certain that plaintiff may not invoke 19 U.S.C. § 1619 as the basis for his claim here.

### Conclusion

In this case, plaintiff provided the Customs Service with information that led to the seizure of drugs and related property. The seizure, although carried out by customs officers, took place under the drug laws. Hence, it is to those laws that plaintiff must look for his recovery, if any. The informer award

---

4. "Section 17 of the bill" refers to Section 14 of the Department of Justice Appropriations Act,

Fiscal Year 1980, Pub.L. No. 96–132, § 14, 93 Stat. 1040, 1048 (1979).

provision of the customs law, 19 U.S.C. § 1619, does not apply here. Because plaintiff has not stated a claim under the informer award provision of the customs laws, we dismiss his complaint pursuant to RCFC 12(b)(4). No costs.