**James C. SARLUND, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 95–738 C.**

United States Court of Federal Claims.

Jan. 27, 1998.

Stephen J. Eisenberg, Eisenberg Law Offices, Madison, WI, for plaintiff.

Lisa B. Donis, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HODGES, Judge.

### I. INTRODUCTION

Plaintiff James C. Sarlund claims entitlement to compensation from the United States for providing information to various state and federal law enforcement officials. This information led to several narcotics convictions and attendant property forfeitures. Plaintiff seeks compensation under 19 U.S.C. § 1619, a customs statute that authorizes an award of up to 25% of property seized pursuant to original information provided by an informant concerning a violation of the customs laws. If an informant meets certain statutory criteria, an award is mandatory under § 1619. Awards under the drug law provisions of Title 21 of the United States Code, on the other hand, are discretionary. Plaintiff may seek relief in our court for the former, but not for the latter. The issue before us is whether plaintiff may seek an award under the customs laws for information he provided that led to seizures effected pursuant to narcotics laws. We find that plaintiff cannot, and dismiss his claim on that basis.

### II. BACKGROUND

Plaintiff provided law enforcement officials with information concerning the illegal distribution of steroids in Wisconsin and California. In November 1991, at the request of an agent with the Internal Revenue Service's Central Intelligence Division, and a detective with the Dane County, Wisconsin, Metro Narcotics Unit, plaintiff began to work as a confidential informant in an investigation of steroid distribution in Madison, Wisconsin. From November 1991 through July 1992, plaintiff performed undercover work in a sting operation, making several purchases of illegal steroids from various individuals and wearing a concealed microphone to obtain information regarding a dealer's financial holdings and steroid dealings. He worked under the direction of the Wisconsin Department of Justice, Division of Narcotics Enforcement. Two of the agents with whom plaintiff worked allegedly promised him "thousands of dollars" in reward money when convictions were obtained.

Several of the individuals were indicted for narcotics distribution in September 1992, and later were convicted. Law enforcement officials seized a 1987 Pontiac Grand Prix and a 1991 Jeep Wrangler as a result of these arrests. In October 1992, due to information plaintiff provided, other individuals were indicted in California and charged with distribution of steroids, resulting in the seizure of a 1984 Ferrari, a 1987 BMW, a 1990 Corvette, $32,000 in cash, and $20,000 in bank accounts.

Plaintiff made several requests to the United States Attorney's Office for the Western District of Wisconsin for a fee of 25% of all assets seized as a result of his information. The United States Attorney advised him to file an application for award with the Drug Enforcement Administration. Plaintiff did so, but was informed that the agency could not process his application for award without a referral from the law enforcement agency with whom he worked. Plaintiff then requested that Assistant U.S. Attorney Jeffrey Anderson make such a referral. Mr. Anderson advised plaintiff that the only property forfeited that reasonably could be related to plaintiff's information was a 1992 Suzuki motorcycle valued at $2,200. Plaintiff thereafter filed a complaint with this Court, seeking 25% of the value of any assets seized as a result of information he provided to law enforcement officials.

### III. ARGUMENTS

Defendant argues that informer awards under the drug laws are not controlled by customs laws, and thus are not mandatory. Because plaintiff has not alleged that he worked either with or through the Customs Service, he may not look to the customs laws for an award. Awards under the narcotics laws pursuant to 21 U.S.C. § 886(a) are discretionary, so plaintiff has not stated a claim upon which relief may be granted.

Plaintiff argues in response that he has a valid cause of action against the Government because 19 U.S.C. § 1619 of the customs laws is made applicable to seizures under the narcotics laws by 21 U.S.C. § 881(d). He also

contends that subsequent amendments to § 1619 do not affect plaintiff's entitlement to an award because they were enacted solely for the purpose of eliminating awards for *contraband* seizures. This court must look to § 1619 of the customs laws to grant plaintiff an award based on seizures under the narcotics laws.

## IV. DISCUSSION

■■■■ For jurisdiction to lie under the Tucker Act, "the allegation must be that the particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Doe v. United States*, 100 F.3d 1576, 1579 (Fed.Cir. 1996) (quoting *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002, 1007 (1967)). "The asserted entitlement to money damages depends upon whether any federal statute can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976) (internal quotations omitted). As the Court of Claims noted in *Allen v. United States*, "only statutes which command the payment of money to the plaintiff will found suit in this court." 229 Ct.Cl. 515, 518, 1981 WL 22043 (1981) (citing *Testan*, 424 U.S. at 400, 96 S.Ct. at 954).

■■■ "Under the customs laws, informer awards have been held to be mandatory ... whereas, under the drug laws, such payments are clearly discretionary." *Nicolas v. United States*, 35 Fed.Cl. 387, 389 (1996). Under § 1619 of the customs laws, informant awards are mandatory if the statutory requirements for award eligibility are met. *See Doe*, 100 F.3d at 1578; *see also Lewis v. United States*, 32 Fed.Cl. 59, 63–64 (1994). The statute gives the Secretary of the Treasury discretion to award a sum of up to 25% of any amount recovered, but some sum must be awarded. *See Doe*, 100 F.3d at 1582; *see also* 19 U.S.C. § 1619(a).

■■■ On the other hand, the Attorney General has discretion whether or not to grant an informer an award pursuant to the narcotics laws. *See Allen*, 229 Ct.Cl. at 518 (deter-mining that 21 U.S.C. § 886(a) is not money-mandating); *Nicolas*, 35 Fed.Cl. at 389.

Defendant acknowledges that before § 881 was amended in 1979, that section referred to 19 U.S.C. § 1619. The effect of § 881(d) was described as follows: "Forfeiture proceedings arising out of drug offenses are governed by the same statutory provision as apply to customs forfeitures." *United States v. One Motor Yacht Named Mercury*, 527 F.2d 1112, 1114 (1st Cir.1975) (quoted in *Taylor v. United States*, 550 F.2d 983, 986 (4th Cir.1977)). "As of 1977 ... informer compensation under the drug laws was governed by the same provision that governed such compensation under the customs laws." *Nicolas*, 35 Fed.Cl. at 390. According to defendant, however, the amendment in 1979 disengaged 19 U.S.C. § 1619 from seizures carried out under narcotics laws. The current statute provides, in relevant part (with the deleted language in brackets), that

> provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims [**and the award of compensation to informers in respect of such forfeitures**] shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof....

21 U.S.C. § 881(d); *see also Nicolas*, 35 Fed. Cl. at 390.

The *Nicolas* court, construing 19 U.S.C. § 1619 and 21 U.S.C. § 881(d) after the amendment, found that § 1619 did not provide a remedy for an informant to the Customs Service for a seizure taking place under the drug laws. The court noted that although many of the same procedures applicable to forfeitures and seizures under the customs laws specifically are made applicable to forfeiture and seizures under the drug laws by § 881(d), the custom statute's procedures for compensating informers in the forfeiture/seizure context are conspicuously absent from the amended version of § 881(d).

*Nicolas,* 35 Fed.Cl. at 390. Additionally, the amended version of § 881(d)

> does not include any reference to, nor otherwise address, the awarding of compensation to informers. Given that the customs laws specifically contain such a provision in 19 U.S.C. § 1619, the absence of any reference to such a provision in § 881(d) is telling. One is bound to conclude that the authority recognized in the customs laws to pay an award to an informer has not been carried over into the drug laws through section 881(d). Thus, in the fulfillment of their drug enforcement responsibilities, agents of the Drug Enforcement Administration may not look to the informer award provision of the customs laws as their authority to effect payment for information.

*Id.* at 390. Because "[t]he seizure ... took place under the drug laws," plaintiff could look only to those laws for potential recovery. *Id.* at 391.

Plaintiff argues, however, that the legislative history of the 1979 amendment demonstrates that the amendment affected only rewards for seizures of *contraband,* not for rewards based upon the seizure of non-contraband items. The legislative history reads, in pertinent part:

> (2) The exclusion of mandatory payment of moieties for seizures of contraband controlled substances is accomplished through ... amending 511(d) of the Controlled Substances Act [codified currently as 21 U.S.C. § 881(d)]. [21 U.S.C. § 881(d)] makes applicable 19 U.S.C. 1619, which provides in substance that informants who furnish information leading to the seizure and forfeiture of goods under the customs law are entitled to compensation of up to 25 percent of the value of the forfeited goods, not to exceed $50,000.

The Drug Enforcement Administration and the Bureau of Customs have declined to pay any award to informants under this provision for contraband controlled substances, because they have no legitimate commercial value. While small quantities of contraband controlled substances may be retained by the Government from time to time for research, by and large all contraband drugs are destroyed.

However, claims for compensation have been filed under 21 U.S.C. 881, and the U.S. District Courts are not certain as to the Congressional intent in making payments under the statute for contraband goods that have no value except on the illicit market....

Therefore it is essential that the Congress clarify this issue. The Drug Enforcement Administration will still be able to provide payments of awards under the general authority of ... [21 U.S.C. § 886(a)].[1]

S.Rep. No. 96–173, at 36 (1979), *reprinted in* 1979 U.S.C.C.A.N.2003, 2029–40.

Plaintiff's argument has merit. The driving force behind the amendment may well have been Congress' desire to put an end to courts' attempts to place a value on illegal items "that have no value except on the illicit market." Nevertheless, Congress removed the phrase "and the award of compensation to informers in respect of such forfeitures" from the statute. This omits any language that might have provided for a mandatory award.

One significant indicator of Congressional intent in this regard may be the statement that "[t]he Drug Enforcement Administration will still be able to provide payments of awards under the general authority of ... [21 U.S.C. § 886(a)]." That one avenue of award is *still* available provides an implication that another avenue is *not* still available.

---

1. 21 U.S.C. 886(a) currently provides:

   (a) The Attorney General is authorized to pay any person, from funds appropriated for the Drug Enforcement Administration, for information concerning a violation of this subchapter, such sum or sums of money as he may deem appropriate, without reference to any moieties or rewards to which such person may otherwise be entitled by law.

This section, as indicated above, is strictly discretionary, a fact fatal to plaintiff's claim. *See Allen v. United States,* 229 Ct.Cl. 515, 518 (1981) (21 U.S.C. § 886(a) is not money-mandating); *Nicolas v. United States,* 35 Fed.Cl. 387, 389 (1996) ("such payments are clearly discretionary").

We find that such awards are no longer mandatory.

Plaintiff points to additional language from 21 U.S.C. 881(d) [2] that may provide plaintiff with an alternative basis for relief Plaintiff argues:

> The emphasized portion of § 881(d) makes it clear that when applying the provisions of § 1619 to the drug statues, the Attorney General and his or her designees replace the Secretary of the Treasury and customs officers. In *Taylor v. United States*, the court noted that this language means that "DEA officers shall perform the duties for seizures and forfeitures under Title 21 except when customs officers make the seizure." *Taylor v. United States*, 550 F.2d 983, 987 (4th Cir.1977) This substitution must be made when reading § 1619(a)(1)(B).

Reading the statute as defendant argues would render § 881(d) superfluous, according to plaintiff. Plaintiff also argues that "[i]t would be illogical for the customs statutes, as incorporated by § 881(d), to give DEA agents the authority to make a seizure but permit rewards only if the information leading to the seizure was provided to customs officials and only if the information related to violations of customs law." Plaintiff's reading would render the 1979 amendment to § 881(d)—designed to exclude the award of compensation to informers—a nullity. We must be guided by precedent. Awards under the customs laws are mandatory if the requirements of § 1619 are met. Awards under the drug laws are not. Section 881(d) no longer provides for a mandatory, customs law award for information concerning the violation of drugs laws.

Plaintiff argues that *Nicolas* was filed by a *pro se* plaintiff who likely did not brief the issues adequately, and who did not appeal the decision. We have no reason to question whether the nature and effect of the 1979 amendment was properly analyzed. The *Nicolas* plaintiff provided information to the Customs Service. *See Nicolas*, 35 Fed.Cl. at 387, 388. This plaintiff has no connection with the customs laws, or for that matter, customs officials.

## V. CONCLUSION

Plaintiff attempts to pursue his case based on a money-mandating statute. The information he provided, however, can result in an award only at the Government's discretion. Plaintiff's claim cannot survive the requirements of Rule 12(b)(4), because he has failed to state a claim upon which relief can be granted. Defendant's motion to dismiss is GRANTED. The clerk will dismiss plaintiff's complaint. No costs.

---

**2.** The statute provides (with emphasis supplied in plaintiff's quotation of it):

> The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; the disposition of such property or the proceeds from the sale thereof, the remission or mitigation of such forfeitures; and the compromise of claims shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this subchapter, insofar as applicable and not inconsistent with the provi-

sions hereof; *except that such duties as are imposed upon the customs officer or any other person with respect to the seizure and forfeiture of property under the customs laws shall be performed with respect to seizures and forfeitures of property under this subchapter by such officers, agents, or other persons as may be authorized or designated for that purpose by the Attorney General, except to the extent that such duties arise from seizures and forfeitures effected by any customs officer.*

21 U.S.C. § 881.