**Nelson EMMENS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

· **No. 98–24C.**

United States Court of Federal Claims.

Aug. 9, 1999.

Theodore Klien, Miami, FL, for plaintiff.

Mark L. Josephs, with whom were Kathryn A. Bleeker, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Frank W. Hunger, Assistant Attorney General, Department of Justice, Washington, D.C., for defendant. Richard S. Friedland, Deputy Associate Chief Counsel, United States Customs Service, was of counsel.

### OPINION

SMITH, Chief Judge.

This matter is before the court on defendant's motion to dismiss pursuant to Rule 12(b)(4) for failure to state a claim for which relief can be granted. Plaintiff Nelson Emmens seeks at least $250,000 in compensation from the United States, pursuant to 19 U.S.C. § 1619, for providing information to the United States Customs Service (Customs) and the United States Attorney relating to violations of customs and drug enforcement laws. Plaintiff contends that he is owed up to 25% of the value of drug enforcement-related forfeitures. Defendant responds that plaintiff's claim should be dismissed because the statute to which plaintiff appeals is a customs law that does not mandate a monetary reward to an informant who has aided in a drug law prosecution. After reviewing the parties' briefs, the court has determined that it can decide the case without oral argument and hereby GRANTS defendant's motion.

### FACTS

On March 31, 1992, plaintiff Nelson Emmens testified before a federal grand jury regarding drug trafficking activities he had engaged in with one Rodney Matthews. From early 1987 through mid–1988, plaintiff and Matthews smuggled cocaine into the United States from Colombia and planned to smuggle marijuana from Belize. Plaintiff testified that Matthews showed him the ropes of the smuggling operation, introduced him to his Belize and Colombian contacts, taught him how to bribe international border guards, and taught him how to fly the planes that were used in the operation.

As a result of plaintiff's testimony, Matthews was indicted and later convicted of numerous drug law violations under 21 U.S.C. §§ 952, 960, and 963. The plaintiff's testimony also resulted in forfeitures of property, including: real property, five small aircraft, and ten horses. Plaintiff estimates that the value of this property exceeds $1 million. After unsuccessfully requesting compensation from Customs, plaintiff filed this suit for 25% of the value of the seized property, which he believes is not less than $250,000.

### DISCUSSION

#### I. JURISDICTION

Under the Tucker Act, this court has jurisdiction to "render judgment upon any claim against the United States founded . . . upon . . . any Act of Congress" 28 U.S.C. § 1491 (1988). For jurisdiction to lie under the Tucker Act, however, "the allegation must be that the particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Doe v. United States*, 100 F.3d 1576, 1579 (Fed.Cir.1996) (quoting *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002, 1007 (1967)). "The asserted entitlement to money damages depends upon whether any federal statute can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (internal quotations omitted). Thus, "only statutes which command the payment of money to the plaintiff will found suit in this court." *Allen v. United States*, 229 Ct.

Cl. 515, 518, 1981 WL 22043 (1981) (citing *Testan,* 424 U.S. at 400, 96 S.Ct. 948).

## II. STANDARD OF REVIEW

RCFC 12(b)(4) authorizes dismissal of a complaint if, assuming the truth of all allegations, it fails to state a claim upon which relief may be granted as a matter of law. In ruling on a motion to dismiss, the court must accept as true the complaint's allegations and construe the facts in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Dismissal is appropriate, however, whenever "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. 12(b)(4) FAILURE TO STATE A CLAIM

The legal issue before the court in this matter is identical to that decided by this court in *Sarlund v. United States,* 39 Fed.Cl. 803 (1998) and *Nicolas v. United States* 35 Fed.Cl. 387 (1996), specifically, whether an informant may bring an action under customs laws to recover a portion of assets that were seized pursuant to drug enforcement statutes.

### A. Title 19 U.S.C. § 1619

■ Plaintiff bases his claim on Title 19 U.S.C. § 1619, which provides in pertinent part:

(a) In general

If—

(1) any person who is not an employee or officer of the United States—

(B) Furnishes to a United States attorney, the Secretary of the Treasury, or any

customs officer original information concerning—

(ii) any violation of the customs laws ... which is being, or has been perpetrated or contemplated by any other person; and

(2) ... such information leads to recovery of—

(B) Any fine, penalty or forfeiture of property incurred; the secretary may award and pay such person an amount that does not exceed 25% of the net amount recovered.

19 U.S.C. § 1619 (1998).

Section 1619 has consistently been held to be a money-mandating statute. *See Doe,* 100 F.3d at 1578; *Lewis v. United States,* 32 Fed.Cl. 59 (1994), *Rickard v. United States,* 11 Cl.Ct. 874 (1987); *Allen v. United States,* 229 Ct.Cl. 515, 1981 WL 22043 (1981); *Lacy v. United States,* 221 Ct.Cl. 526, 607 F.2d 951 (1979); *Tyson v. United States,* 91 Ct.Cl. 139, 32 F.Supp. 135 (1940).[1] While § 1619 "permits Customs to utilize a sliding scale when determining the appropriate amount of an award for an informant, the statute continues to mandate the payment of some award." *Lewis,* 32 Fed.Cl. at 64.

Section 1619's money-mandating reward provisions are explicitly limited by its statutory language to cases in which the informant aids in the prosecution of customs laws violations. The prosecution that plaintiff claims to have aided, however, was for violations of drug enforcement statutes, specifically 21 U.S.C. §§ 841, 846, 952, 960, and 963— not the customs laws. Furthermore, the forfeitures for which plaintiff seeks recovery were effected pursuant to 21 U.S.C. § 853, also a drug enforcement statute.

Plaintiff contends that § 1619 is applicable not only with respect to customs laws, but to all laws for which Customs is responsible,

1.
As this court and its predecessors have already determined, the statutory use of the word 'may,' while ordinarily permissive, is given a mandatory meaning in 19 U.S.C. § 1619. *Rickard,* 11 Cl.Ct. at 878; *Allen,* 229 Ct.Cl. at 519; *Wilson* [*v. United States* ], 135 F.2d [1005] at 1009 [ [3d Cir.1943] ]. The rationale for this interpretation is as persuasive today as when it

was first announced in 1943. 'An informer would have little incentive to give original information upon occasions at considerable personal risk to officers of the United States if his compensation rested in the absolute discretion, almost, one might say, in the whim, of an executive officer.' *Wilson,* 135 F.2d at 1009. *Lewis,* 32 Fed.Cl. at 64.

including laws that limit the importation and exportation of controlled substances. The identical argument was presented to this court in *Nicolas*. Like this case, *Nicolas* concerned an informant seeking to invoke § 1619 in order to procure a reward for aiding drug law prosecutions. In evaluating plaintiff's claim, the court turned to 19 U.S.C. § 1600 ("Application of the customs laws to other seizures by customs officers"), which states: "The procedures set forth in sections 1602 through 1619 of this title shall apply to seizures of any property effected by customs officers under any law enforced or administered by the Customs Service *unless such law specifies different procedures.*" (emphasis added).

Indeed, different procedures are set forth in the drug enforcement laws. Title 21 U.S.C. § 886(a) vests in the Attorney General the discretionary authority to reward informants:

The Attorney General is authorized to pay any person, from funds appropriated for the Drug Enforcement Administration, for information concerning a violation of this title, such sum or sums of money *as he may deem appropriate,* without reference to any moieties or rewards to which such person may otherwise be entitled by law.

21 U.S.C. § 886(a) (emphasis added).

The *Nicolas* court specifically examined the relation between § 1600 and § 886(a) and concluded, "customs officers have no authority to invoke 19 U.S.C. § 1619 as a basis upon which to grant payment for information concerning violations of the drug laws." *Nicolas* at 391. In *Sarlund,* another informant sought to invoke § 1619 to procure a reward for aiding drug law prosecutions. Rejecting plaintiff's claim, the court re-affirmed the principle that "[b]ecause '[t]he seizure took place under the drug laws,' plaintiff could look only to those laws for potential recovery." *Sarlund,* 39 Fed.Cl. at 806 (quoting *Nicolas,* 35 Fed.Cl. at 391).

Section 1619 does not mandate rewards to informants who aid drug law prosecutions as the "law specifies different procedures." 19 U.S.C. § 1600. Thus, plaintiff's reliance on this statute must fail.

## B.  Incorporation of 19 U.S.C. § 1619

In the alternative, plaintiff claims that § 1619 is adopted and incorporated by 21 U.S.C. § 881(d). Section 881(d) states:

The provisions of laws relating to the seizure, summary and judicial forfeiture, and condemnation of property for violations of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions in this subchapter, insofar as applicable and not inconsistent with the provisions hereof
. . . .

Prior to 1979, § 881(d) did contain a provision which allowed "the award of compensation to informers in respect of such forfeitures" to be determined by customs law, referring to 19 U.S.C. § 1619. Congress amended the section in 1979, however, deleting this provision. The amended version of § 881(d)

does not include any reference to, nor otherwise address, the awarding of compensation to informers. Given that the customs laws specifically contain such a provision in 19 U.S.C. § 1619, the absence of any reference to such a provision in 881(d) is telling. One is bound to conclude that the authority recognized in the customs laws to pay an award to an informer has not been carried over.

*Nicolas,* 35 Fed.Cl. at 390.

Plaintiff argues that the legislative history of the 1979 amendment reveals that Congress intended only to eliminate rewards based on the seizure of contraband. Presented with the same argument, the court in *Sarlund* saw no basis on which to make such a distinction. Congress removed the entire phrase "and the award of compensation to informers in respect of such forfeitures" from the statute, striking any language that might have provided for a mandatory award under § 1619. *See Sarlund,* 39 Fed.Cl. at 806. Moreover, the legislative history makes clear that another mechanism remains through which an informant may receive a reward—namely, that in the discretion of the Attorney

**528**

General pursuant to 886(a). "That one avenue of award is still available provides an implication that another avenue is not still available." *Id.*

The text and legislative history of § 881(d), coupled with this court's decisions in *Nicolas* and *Sarlund,* confirm the conclusion that the 1979 amendment of § 881(d) was intended to discontinue the application of § 1619 to the compensation of informants who aid in the prosecution of drug enforcement laws. Stated simply, § 881(d) no longer incorporates § 1619's informer reward provisions.

C. 21 U.S.C. § 965:

Alternatively, plaintiff seeks to rely on the incorporation of § 1619 through 21 U.S.C. § 965. Section 965, contained within Subchapter II of the Drug Abuse Prevention and Control chapter of Title 21, concerns the import and export of controlled substances. The provision simply specifies that the Attorney General has the same responsibilities regarding import and export as he has pursuant to Subchapter I, Control and Enforcement. 21 U.S.C. § 965. The Attorney General's authority is explicitly applied to Subchapter II only "to the same extent" that they were granted in Subchapter 1. *Id.* Section 965 clearly embraces § 881(d), which is within Subchapter I. Since § 881(d) does not incorporate § 1619, neither does § 965.

### CONCLUSION

In this case, information from the plaintiff led to convictions and property forfeitures pursuant to drug laws. As the subsequent seizures were made pursuant to drug enforcement statutes, plaintiff is precluded from seeking a reward through the informer award provision of the customs laws, 19 U.S.C. § 1619, and must instead rely on the relevant drug laws. Since these laws provide exclusively for discretionary awards, the plaintiff's claim must be dismissed pursuant to RCFC 12(b)(4). The court hereby GRANTS defendant's motion to dismiss.

IT IS SO ORDERED.