**STINSON, LYONS & BUSTAMANTE, P.A., Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 95–5122.**

United States Court of Appeals, Federal Circuit.

March 21, 1996.

plaintiff-appellant. With him on the brief was Michael T. Tomlin.

Stanley E. Alderson, Attorney, Commercial Litigation Branch, Department of Justice, of Washington, D.C., argued for defendant-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General and David M. Cohen, Director.

Before PAULINE NEWMAN, MAYER, and LOURIE, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Stinson, Lyons & Bustamante, P.A. (Stinson) appeals the decision of the United States Court of Federal Claims dismissing its complaint for lack of subject matter jurisdiction.[1] We affirm the dismissal.

## BACKGROUND

Stinson, a law firm, while representing an accident victim in his dealings with the Provident Life and Accident Insurance Co. (Provident), learned of assertedly improper practices in Provident's Medicare billing practices. Stinson brought a *qui tam* action under the False Claims Act, 31 U.S.C. § 3729–33, in the United States District Court for the Southern District of Florida, which court transferred the action to the Eastern District of Tennessee. The Tennessee district court dismissed the complaint, finding that Stinson was not the original source of the information about Provident, as required by the statute. 31 U.S.C. § 3730(e)(4). Stinson appealed to the Sixth Circuit. While the appeal was pending Stinson and Provident settled for a sum apparently related to Stinson's legal costs. The settlement was approved by the district court, to which the case was remanded for the purpose.

The United States had declined to intervene in Stinson's *qui tam* action. Instead, the government sued Provident separately. Provident and the United States eventually settled for approximately $27,000,000. Stinson states that it was the source of much of the government's information concerning Provident's wrongdoing, and requested its

Tracy E. Tomlin, Otero, Mullin & Tomlin, P.A., of Coral Gables, Florida, argued for

1. *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed. Cl. 474 (1995).

statutory share of that settlement. The government refused, and Stinson sued in the Court of Federal Claims, asserting entitlement to a share of the recovery. This appeal is from the court's dismissal of that suit.

## DISCUSSION

■ The False Claims Act provides that a private citizen who meets certain criteria may bring a *qui tam* suit in federal district court in the name of the United States, to remedy a fraudulent claim made against the government. 31 U.S.C. § 3730(b). The government may at its option intervene in the suit and conduct it. 31 U.S.C. § 3730(b)(2). Alternatively, the government may pursue an independent action, 31 U.S.C. § 3730(c)(5), or take no action. If the government intervenes or pursues an independent action, the "relator"—the term used for a *qui tam* plaintiff—is entitled to a portion of any recovery in an amount up to 30%, depending on circumstances set by statute. 31 U.S.C. § 3730(d).

The statute requires that only "an original source of the information" is a proper relator. 31 U.S.C. § 3730(e)(4) states:

(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

In addition, suit must be brought in district court. 31 U.S.C. § 3732(a). In the Court of Federal Claims, Stinson was bound by the ruling of the Tennessee district court which held that Stinson was not "an original source" under the False Claims Act. Stinson argues that its status as a relator is irrelevant, and that it is entitled to a share of the government's recovery because it provided much of the information the government used in obtaining the significant settlement and recovery from Provident. Thus Stinson states that it has brought a proper claim under the Tucker Act, wherein the False Claims Act is the money-mandating statute.

■ The Court of Federal Claims, applying *LeBlanc v. United States,* 50 F.3d 1025 (Fed.Cir.1995), dismissed the case. Stinson seeks to distinguish the facts of its case from those of *LeBlanc,* and argues that it was the government's failure to sue the wrongdoer that barred LeBlanc from receiving a statutory share of the recovery, not his failure to qualify as a relator. We do not share Stinson's view that it is not necessary to be a relator in order to share in a recovery obtained under the False Claims Act. Recovery is available only under the conditions of the False Claims Act. A person who did not satisfy the requirements of 31 U.S.C. § 3730(e)(4) in bringing a *qui tam* action can not share in a subsequent government recovery.

In *LeBlanc* the question of whether the claimant was a proper relator had been finally decided in the district court and affirmed by the First Circuit. *LeBlanc,* 50 F.3d at 1030. Stinson, like LeBlanc, has already been adjudicated not to be a relator under the False Claims Act. Thus he has no right to claim under the Tucker Act an asserted governmental obligation incurred under the False Claims Act. Moreover, jurisdiction lies only in the district court, thus the Court of Federal Claims correctly dismissed Stinson's claim.

AFFIRMED.