**HAMILTON SECURITIES ADVISORY SERVICES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 98–169C.

United States Court of Federal Claims.

March 25, 2004.

Claude P. Goddard, Jr., Wickwire Gavin, P.C., Vienna, Virginia, for plaintiff.

Jeannine Lesperance and David J. Gottesman, United States Department of Justice, Washington, D.C., for defendant.

Joseph P. Hornyak and Renee C. Macri, Sonnenschein Nath & Rosenthal, LLP, Washington, D.C., for intervenor.

## MEMORANDUM OPINION

BRADEN, Judge.

For the past decade, Hamilton Securities Advisory Services, Inc. ("Hamilton"), the plaintiff in this case, and Ervin and Associates, Inc. ("Ervin"), a proposed intervenor, have been rivals for a number of multi-mil-

lion dollar contracts awarded by the Department of Housing and Urban Development. *See Ervin and Assocs. v. United States,* 59 Fed.Cl. 267, 276–77, 279, 286 (2004). Ervin now seeks status as an intervenor in this case.

## FACTUAL AND PROCEDURAL BACKGROUND [1]

### 1. Proceedings In The United States District Court For The District Of Columbia.

On June 6, 1996, Ervin initiated a *qui tam* action [2] in the United States District Court for the District of Columbia under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("False Claims Act"), alleging that Hamilton was engaged in fraudulent activity that adversely impacted a series of HUD assets sales conducted by auction. *See United States ex rel. Ervin and Assocs., Inc. v. Hamilton Securities Group, Inc.,* 298 F.Supp.2d 91 (D.D.C. 2004). The United States ("the Government") declined to intervene in Ervin's *qui tam* action. In large part, the predicate acts in the *qui tam* action are essentially the same as the above captioned breach of contract case before the court.

On May 15, 2001, Ervin also filed an Alternative Remedy Case ("ARC") [3] in the United States District Court for the District of Columbia, alleging that the Government's counterclaim in the breach of contract case filed by Hamilton in the United States Court of Federal Claims, in effect, was a maneuver to circumvent the *qui tam* action. *See Ervin and Assocs., Inc. v. United States,* No. 01–1052 (D.D.C. Aug. 14, 2003) (memorandum opinion and order). In that action, Ervin filed a motion for an injunction and declaratory judgment that the Government's counterclaim in the breach of contract case in this court was an "alternate remedy," under the False Claims Act, which, if successful, would allow Ervin to share in any monetary recovery. *Id.* at 2–3. Ervin also requested the United States District Court for the District of Columbia to stay this case to prevent the entry of any final judgment that arguably would have a preclusive effect in the *qui tam* action. *Id.* at 3. On August 14, 2003, the United States District Court for the District of Columbia dismissed Ervin's ARC action holding, as a matter of law, that the Government's breach of contract counterclaim in this court was not an "alternate remedy." *Id.* at 14. On September 10, 2003, Ervin filed a notice of appeal of that judgment in the United States Court of Appeals for the D.C. Circuit. The United States Court of Appeals for the D.C. Circuit has extended the Government's time to file a motion for summary affirmance until April 26, 2004.

### 2. Proceedings In The United States Court Of Federal Claims.

On January 16, 2004, Ervin filed a motion to intervene in this case, pursuant to RCFC

---

1. On March 24, 2004, the court entered a Memorandum Opinion and Order in the above captioned case that provides a detailed factual and procedural history. *See Hamilton Securities Advisory Services, Inc. v. United States,* No. 98–169C, 60 Fed.Cl. 144, 2004 WL 583717 (Fed.Cl. March 24, 2004). Other relevant facts recited herein are derived from the following other pleadings and portions of the record: Ervin's January 13, 2004 Motion to Intervene and For a Stay of Proceeding Pending Resolution of Parallel *Qui Tam* Case ("Ervin Mot.") and Exhibits A–E, attached thereto; January 21, 2004 Opposition of the United States ("Gov't Opp.") and one Exhibit, attached thereto; January 22, 2004 Hamilton Opposition ("Hamilton Opp.") and Exhibits 1–4, attached thereto; and Ervin's February 2, 2004 Reply ("Ervin Reply").

2. In *Stinson, Lyons & Bustamante v. United States,* 79 F.3d 136, 138 (Fed.Cir.1996), the United States Court of Appeals for the Federal Circuit explained, "The False Claims Act provides that a private citizen who meets certain criteria may bring a *qui tam* suit in federal district court in the name of the United States, to remedy a fraudulent claim made against the government. 31 U.S.C. § 3730(b). The government may at its option intervene in the suit and conduct it. 31 U.S.C. § 3730(b)(2). Alternatively, the government may pursue an independent action, 31 U.S.C. § 3730(c)(5), or take no action. If the government intervenes or pursues an independent action, the 'relator'-the term used for a *qui tam* plaintiff-is entitled to a portion of any recovery in an amount up to 30%, depending on circumstances set by statute. 31 U.S.C. § 3730(d).... In addition, suit must be brought in district court. 31 U.S.C. § 3732(a)."

3. If the Government does not elect to participate in the *qui tam* action, it may pursue its claim through an alternative remedy. *See* 31 U.S.C. § 3730(c)(5). The relator is entitled to its statutory share from any recovery by the Government in the alternative remedy proceeding. *Id.*

24, and for a stay pending the entry of a final judgment in the *qui tam* action by the United States District Court for the District of Columbia. On January 20, 2004, the court set a trial in the above captioned breach of contract case in the United States Court of Federal Claims to start on April 14, 2004. By agreement of the parties, that date has been extended to April 19, 2004.

## DISCUSSION

### 1. Jurisdiction.

The court has subject matter jurisdiction over actions for monetary relief against the United States, pursuant to the Tucker Act's waiver of sovereign immunity. *See* 28 U.S.C. § 1491(a)(1). Such actions include "contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating constitutional provisions, statutes, regulations or executive orders." *Martinez v. United States,* 333 F.3d 1295, 1302–03 (Fed.Cir.2003). As the United States Court of Appeals for the Federal Circuit held in *LeBlanc v. United States,* 50 F.3d 1025 (Fed.Cir.1995):

> The Tucker Act confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages.

*Id.* at 1028 (citing *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)).

### 2. Standard Of Review.

RCFC 24 provides two bases for intervention by a third party: intervention of right and permissive intervention.

RCFC(a)(2) provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a)(2).

RCFC 24(b)(2) states:

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

RCFC 24(b)(2).

### 3. Resolution Of Motion To Intervene And For Stay.

Ervin seeks to intervene in this case under both provisions of RCFC 24 alleging that its interests are not protected by the parties. *See* Ervin Mot. at 2, 7–11. Ervin contends, as a relator in a *qui tam* action before the United States District Court for the District of Columbia, that it has a right under 31 U.S.C. § 3730(d) "to share in any recovery against Hamilton or its insurance carrier." *Id.* at 2. Accordingly, Ervin seeks to intervene and stay the proceedings in this case "to avoid the possibility of a decision by this Court inconsistent with any present or future decision of the district court in the *qui tam* case. In addition, the outcome of the *qui tam* case may render further proceedings in this Court moot." *Id.* Ervin further advises the court that a "final judgment [that Ervin met its burden to prove that Hamilton fraudulently induced award of HUD Contract No. 18505 or Task Order 1 in the *qui tam* action] will result in a forfeiture of Hamilton's claim in this Court, pursuant to 28 U.S.C. § 2514." *Id.* Therefore, without a stay of the proceedings in this court, Ervin states it "may be unfairly deprived of its rights under the [False Claims Act]." *Id.*

On January 21, 2004, the Government filed an opposition to Ervin's motion on multiple grounds: collateral estoppel; *res judicata;* Ervin's pending appeal in its ARC case; lack

of comity; and Ervin's lack of standing under 28 U.S.C. § 2514. *See* Gov't Opp. at 3–7.

The Honorable Louis F. Oberdorfer of the United States District Court for the District of Columbia has held, as a matter of law, that Ervin was not entitled to share in any of the Government's potential recovery from Hamilton in this case before the United States Court of Federal Claims. *See Ervin and Assocs., Inc. v. United States of America,* No. 01–1052 (D.D.C. Aug. 14, 2003) at 9–13. To the extent that Ervin seeks to share in the Government's recovery under the False Claims Act, Senior Judge Oberdorfer held that the United States Court of Federal Claims has no jurisdiction over such a claim, which is committed to the exclusive jurisdiction of the federal district courts. *Id.* at 12; *see also* 31 U.S.C. § 3732(a); *Stinson, Lyons & Bustamante, P.A. v. United States,* 79 F.3d at 138. Judge Oberdorfer also determined that Ervin's *qui tam* action would not be impaired by any developments in this case. *See Ervin and Associates, Inc. v. United States of America* No. 01–1052 (D.D.C. Aug. 14, 2003) at 12. The court concurs in all respects with Judge Oberdorfer's memorandum opinion and incorporates the conclusions of law therein in this opinion. Therefore, the court does not need to readdress the issues raised by the Government's opposition. Finally, to the extent that Ervin seeks monetary damages directly from Hamilton, this court has no jurisdiction to entertain such a claim. *See* 28 U.S.C. § 1491(a)(1) (limiting the jurisdiction of the United States Court of Federal Claims "to render judgment upon any claim against the United States[.]").

The court further holds, as a matter of law, that Ervin has no interest in the breach of contract claim and counterclaims in this case before the United States Court of Federal Claims. Accordingly, Ervin has no right to intervene under RCFC 24(a). Moreover, in the court's judgment, in light of the past competitive and litigious relationship between Ervin and Hamilton, Ervin's participation as an intervenor at this juncture will unduly delay the final adjudication of the rights of Hamilton and the Government in this case. Therefore, the court declines to extend permissive intervene status to Ervin under these circumstances. Ervin's *qui tam* action is proceeding in tandem with this case and remains the proper forum to provide Ervin with any monetary relief to which it may be entitled.

## CONCLUSION

For the aforegoing reasons and the interest of justice, Ervin's January 16, 2004 Motion to Intervene and for Stay is denied. Ervin, however, is hereby granted leave to file as an amicus a written memorandum at the close of trial not to exceed 25 pages, which the court will review and consider in its discretion.

**IT IS SO ORDERED.**