George JOSEPH, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 04–290C.

United States Court of Federal Claims.

Oct. 6, 2004.

George Joseph, plaintiff, pro se.

Timothy P. McIlmail, Commercial Litigation Branch, Civil Division, Department of Justice, for the defendant. With him on the briefs was Christopher L. Ludmer, General Litigation Division, Office of the Judge Advocate General, Department of the Navy.

## OPINION

BRUGGINK, Judge.

*Pro se* plaintiff George Joseph seeks incapacitation pay and correction of his military records. Plaintiff's claims spring from injuries which occurred on February 2, 1990, when he was struck by a vehicle while traveling to attend mandatory training ("drill") with the United States Marine Corps Reserves. Plaintiff seeks incapacitation pay from December 21, 1992, through April 7, 1993; severance pay from December 21, 1992, through the date of his discharge on May 29, 1996; correction of his military records to reflect that he was entitled to receive the above incapacitation pay; and medical retirement from the Navy.

Pending before the court is defendant's motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff's claims are barred by 28 U.S.C. § 2501 (2000), which prescribes a six-year statute of limitations, and 37 U.S.C. § 204(i)(2) (2000), which limits entitlement to incapacitation pay to six months. For reasons set out below, we grant defendant's motion.

## BACKGROUND [1]

Plaintiff enlisted in the United States Marine Corps reserves on June 10, 1986. After basic training, plaintiff was separated from active duty and assigned to 2nd Battalion, 25th Marine Division, 4th Marines, Garden City, New York as a reservist. While traveling to drill on February 2, 1990, plaintiff was struck by a vehicle and injured. As a result

1. The facts are drawn from plaintiff's complaint, Response to Defendant's Motion to Dismiss, Reply to Defendant's Reply to Response to Motion to Dismiss, and corresponding attachments.

**416**

of his injuries, plaintiff's unit placed him on "not physically qualified" ("NPQ") status.

A line of duty investigation was completed on November 19, 1991, which resulted in a finding that plaintiff's injuries were sustained in the line of duty and not due to misconduct. On September 16, 1992, a medical board, after examining plaintiff and despite plaintiff's protest that his own doctor had permitted him to resume his usual activities, concluded that he was not expected to return to full-duty status. The board recommended that his case be referred to the Central Physical Evaluation Board. The Navy's Physical Evaluation Board, without explanation, found plaintiff fit for duty on December 21, 1992. On April 7, 1993, plaintiff's unit informed him that he had been found fit for duty and instructed him to begin attending drills or he would be involuntarily transferred to the Inactive Ready Reserve ("IRR"). Although plaintiff was initially transferred to the IRR on July 1, 1993, he later returned to active reserve status and joined Headquarters Company, 6th Communications Battalion, Fort Schulyer in Bronx, New York on October 14, 1993. Plaintiff transferred back to the IRR on October 15, 1994.

On October 25, 1995, at plaintiff's request, the Board for Correction of Naval Records ("BCNR") reviewed plaintiff's allegations of "error and injustice" and determined that plaintiff's personnel record should be corrected to show that he was entitled to incapacitation pay for the period from February 2, 1990, through May 12, 1992, and for the period of November 13, 1992, through December 21, 1992.[2] Plaintiff received the incapacitation pay and was honorably discharged on May 29, 1996, after extending his enlistment for fifteen months to qualify for reenlistment.

On March 17, 1997, approximately ten months after his discharge, plaintiff again petitioned the BCNR, asking it to correct his records to reflect that he was entitled to receive incapacitation pay from December 21, 1992, through the date of his discharge on March 29, 1996, and to allow him to medically retire. The BCNR denied his claim initially on February 17, 1998, and again on October 9, 1998.

Plaintiff then turned to the United States District Court for the Eastern District of New York, asking for a writ of mandamus directing defendant to change his military records to reflect that he had been unfit for duty from December 21, 1992, through the date of his discharge on May 29, 1996. Approximately eight months later, on November 12, 1999, plaintiff voluntarily agreed to dismiss his action without prejudice in exchange for another opportunity to present his claim to the BCNR. After the Secretary of the Navy again denied his claim on January 16, 2003, plaintiff sought to restore his original action in the district court. A year later, on January 15, 2004, the district court denied plaintiff's motion to reopen the original case, treated the motion as a new action, and dismissed it for lack of subject matter jurisdiction on the following grounds: (1) the claim was likely in excess of $10,000 and, thus, under the exclusive jurisdiction of the United States Court of Federal Claims; (2) any claim for incapacitation pay in excess of six months was wholly within the discretion of the Secretary of the Navy; and (3) plaintiff failed to state a claim upon which relief could be granted. The district court denied plaintiff's motion to reconsider on April 30, 2004. Plaintiff filed this action on March 3, 2004.

### DISCUSSION [3]

Defendant asks the court to dismiss plaintiff's claim for incapacitation pay and ancil-

2. The board noted that plaintiff had already received incapacitation pay for the interim period—May 13, 1992 through November 12, 1992.

3. We recognize that a *pro se* litigant's pleadings are not held to the same exacting standards as those drafted by lawyers. *See Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed.Cir.2002) ("[A]n unrepresented litigant should not be punished for

his failure to recognize subtle factual or legal deficiencies in his claims." (quoting *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980))). Moreover, "In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader. The complaint should not be

lary equitable relief, first, on the ground that it is barred by 28 U.S.C. § 2501, which states, "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Second, defendant relies on *Deshauteurs v. United States*, 39 Fed.Cl. 263, 266–68 (1997), for the proposition that 37 U.S.C. § 204(i)(2) only provides plaintiff a cause of action for six months of incapacitation pay, which he has already received.

■■■ Defendant's first basis for dismissal is that plaintiff's claim is barred by the six-year statute of limitations. The facts here compel us to agree. It is well settled that "[a] Tucker Act claim for back pay accrues all at once at the time of discharge; the claim for back pay is not a 'continuing claim' that accrues each time a payment would be due throughout the period that the service member would have remained on active duty." *Martinez v. United States*, 333 F.3d 1295, 1304 (2003). "That is, the claim accrues 'at one time, once and for all,' on the date of discharge." *Id.* In the present case, the statute began to run on May 29, 1996, when plaintiff was discharged. He did not file his claim until March 3, 2004, almost eight years after his discharge.

It is no answer, as plaintiff suggests, that his cause of action did not accrue until he obtained a final decision from the BCNR. In this circuit, correction boards have been regarded as a permissive administrative remedy. Resort to a board does not prevent a plaintiff's cause of action from accruing nor does it toll the limitations period. *See Martinez*, 333 F.3d at 1304 ("A plaintiff is not required to exhaust a permissive administrative remedy before bringing suit. As a corollary of that rule, the court has held that a plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it

toll the statute of limitations pending the exhaustion of that administrative remedy."). We note, however, that even if plaintiff had been required to seek an administrative remedy before filing his claim with this court, the six-year statute of limitations would have run. The BCNR issued its decision denying plaintiff relief on February 17, 1998, which falls outside the six-year period of limitations. The BCNR's repeated refusals to grant petitioner relief in October 1998 and January 2003 would not trigger new causes of action.

Nor is equitable tolling available. Although the Federal Circuit has yet to rule whether equitable tolling is available under § 2501, it has been clear that "equitable tolling against the government is a narrow doctrine." *See Martinez*, 333 F.3d at 1318. "There must be a compelling justification for delay, such as 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). Assuming, *arguendo*, that equitable tolling was available, the facts alleged do not suggest misconduct on the part of defendant. Plaintiff's cause of action, and the ancillary equitable relief it seeks, is, therefore, barred by the six-year statute of limitations and this court lacks jurisdiction.[4]

Defendant has an additional argument with respect to plaintiff's claim for incapacitation damages in excess of six months. It contends that, even if plaintiff's claim was not barred by the six-year statute of limitations, this court lacks subject matter jurisdiction over such a claim. *Deshauteurs v. United States*, 39 Fed.Cl. 263 (1997), is directly on point. In *Deshauteurs*, the plaintiff had already received at least six months of incapacitation pay before filing a claim with the

---

dismissed unless it is beyond doubt that the plaintiff can show no set of facts which would entitle him to relief." *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989) (citations omitted).

4. We note that plaintiff originally filed his claim in district court on March 2, 1999, well within the six-year statute of limitations. Plaintiff voluntarily dismissed that action on November 12, 1999, but later refiled it on February 20, 2003. Had plaintiff originally filed his claim in this court or had the district court transferred plaintiff's claim here instead of dismissing it, plaintiff's claim might have been timely. Neither event occurred, however.

Court of Federal Claims. The court reasoned that § 204(i)(2) was only "money-mandating" for six months and that any incapacitation award in excess of six months was wholly within the discretion of the Secretary. 37 U.S.C. § 204(i)(2) ("Pay and allowances may not be paid under subsection (g) or (h) for a period of more than six months. The Secretary concerned may extend such period in any case if the Secretary determines that it is in the interests of fairness and equity to do so."). "Where the payment of money is wholly discretionary, a statute simply does not command the payment of money and there is no claim within our jurisdiction." *Id.* at 268 (quoting *Allen v. United States,* 229 Ct.Cl. 515, 518, 1981 WL 22043 (1981)). We find the reasoning in *Deshauteurs* persuasive. It is clear from the record that plaintiff has received incapacitation pay for the period of time from February 2, 1990, through November 12, 1992. Since plaintiff has received almost three years of incapacitation pay, this court would lack subject matter jurisdiction over any further incapacitation pay claim even if the six-year statute of limitations had not yet run.

## CONCLUSION

For the reasons set out above, defendant's motion to dismiss for lack of subject matter jurisdiction is granted. The clerk is directed to dismiss the complaint pursuant to RCFC 12(b)(1). No costs.