**Harry P. TEICHMAN, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 04–1132C.

United States Court of Federal Claims.

May 12, 2005.

Harry P. Teichman, Tampa, FL, pro se.

Nancy M. Kim, Trial Attorney; Bryant G. Snee, Assistant Director; David M. Cohen, Director, Commercial Litigation Branch, Civil Division; Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Washington, D.C., for the defendant.

Captain Thomas B. Merritt, Jr., Litigation Attorney, Office of The Judge Advocate General, Department of the Navy, Washington, D.C., of counsel.

## OPINION

HORN, Judge.

### FINDINGS OF FACT

Plaintiff Harry P. Teichman, a former midshipman, entered the United States Naval Academy in the summer of 1988. In April, 1992, Mr. Teichman accessed the Naval Academy's student absence tracking program twice, first to delete certain of his absences and then to reenter some he had deleted. On April 29, 1992, Mr. Teichman was advised that his company officer had alleged that Mr. Teichman had committed the honor offense of lying by deleting his class absences from the Academy's computerized recording system. At the time of the allegation, Mr. Teichman was completing his fourth year at the Academy and had completed all graduation requirements.

On May 7, 1992, an honor board convened at the Naval Academy to deliberate on the alleged offense. Mr. Teichman concedes that, during the honor board's proceedings, the Academy advised him of his procedural rights, including his right to consult with military counsel. During the honor board's proceedings, Mr. Teichman admitted to deleting his absences from the system, but argued that his conduct did not rise to the level of an honor offense. Mr. Teichman claimed that other midshipmen also had deleted their absences from the system. The honor board concluded, by a majority vote, that Mr. Teichman had committed the honor offense of lying.

On May 13, 1992, in an appearance before the Commandant of the Academy, Mr. Teichman had an opportunity to provide testimonial and written support for his retention in the Academy. Thereafter, the Commandant submitted a memorandum to the Superintendent of the Academy, stating that he was satisfied that Mr. Teichman had committed an honor offense and recommending that Mr. Teichman be separated from the Naval Academy. On May 28, 1992, the Superintendent of the Naval Academy, concurring with the Commandant's recommendation, made a recommendation to the Secretary of the Navy that Mr. Teichman should be separated from the Academy. Mr. Teichman then submitted

a show cause statement to the Secretary of the Navy on June 5, 1992, setting forth reasons for his retention in the Navy, and the Superintendent submitted a response to Mr. Teichman's statement on June 24, 1992.

On August 11, 1992, the Assistant Secretary of the Navy for Manpower and Reserve Affairs, acting for the Secretary of the Navy, directed Mr. Teichman's separation from the Academy. On August 19, 1992, Mr. Teichman was separated from the Naval Academy and, because of his discharge, was required to reimburse the government for the cost of his education at the Naval Academy. On August 3, 1995, Mr. Teichman petitioned the Board For Correction of Naval Records (BCNR) for relief in the form of reinstatement or, alternatively, to be awarded a degree and a refund of tuition paid. In his application for relief to the BCNR, Mr. Teichman alleged various constitutional errors including due process violations for failing to advise him of his rights prior to custodial interrogation and inadequate time to prepare his case, violations of his right to confidentiality by mention of an alleged drinking problem, denial of his right to equal protection because his punishment was different, selective and discriminatory from those who had committed a similar offense, that he was the subject of entrapment, and that his actions, while wrong, did not constitute an honor violation.

The BCNR found no error in the honor board's proceedings and concluded that Mr. Teichman's removal of his absences from the Academy's system constituted an intentional honor offense. However, the majority (two of the three persons on the BCNR), recommended to the Secretary that she exercise her equitable power and waive the requirement for Mr. Teichman to repay his Naval Academy tuition. The majority compared Mr. Teichman to other midshipmen who also were discharged, but were not required to reimburse their Naval Academy tuition. The majority noted that the reimbursement requirement was waived for some of these midshipmen because of the "length of time taken by the investigation, and not because the misconduct did not warrant such action," and concluded that, "although [the length of time

taken by the investigation] may explain the disparate treatment, it does not justify it." The third member of the BCNR agreed with the recommendation of the majority that Mr. Teichman's conduct constituted an intentional honor offense, but recommended that Mr. Teichman be required to reimburse his tuition. Because the BCNR did not reach a unanimous decision on Mr. Teichman's application for relief, the Board was not authorized under the applicable regulation, 32 C.F.R. § 723.6(e)(ii) (1998), to take final action on Mr. Teichman's case. The record of the BCNR's proceedings and the recommendations of the majority and minority were, therefore, forwarded to the Secretary for a final decision.

In a letter dated July 8, 1998, the BCNR informed Mr. Teichman that, upon conducting an independent review of the Board's proceedings, the designated representative of the Assistant Secretary of the Navy for Manpower and Reserve Affairs had approved the minority recommendation and rejected his application for reinstatement to the Academy and relief from the tuition reimbursement requirement. On November 12, 2003, Mr. Teichman remitted $36,385.70 to the Navy, which represented half of the tuition amount that he was required to reimburse to the Navy.

Mr. Teichman filed a complaint in this court on July 8, 2004, almost twelve years after his discharge. Count I of Mr. Teichman's complaint alleges that he was wrongfully separated from the Navy and requests the court to, either collectively or alternatively, reinstate him as a midshipman, award him monetary damages, including back pay, or direct the BCNR to grant him proper relief based on the BCNR's factual findings. Count II alleges that, in failing to grant the relief recommended by the majority of the BCNR, the United States acted arbitrarily and capriciously and violated his constitutional rights, entitling him to the monetary relief recommended by the BCNR majority and to such other relief as the court deems appropriate.

The defendant moves to dismiss Mr. Teichman's claims for wrongful discharge, back pay, and violation of his constitutional rights

for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). The defendant argues that, because Mr. Teichman filed his complaint following the expiration of the applicable statute of limitations, pursuant to 28 U.S.C. § 2501 (2000), and approximately twelve years after his discharge from the Navy, the plaintiff's complaint should be dismissed. The defendant further argues that this court lacks jurisdiction over the plaintiff's complaint because the plaintiff does not state a claim against the United States for money damages. Finally, the defendant moves to dismiss Mr. Teichman's claims for back pay and violation of his constitutional rights, for failure to state a claim upon which relief can be granted, arguing that the Navy does not owe Mr. Teichman any pay because he was never appointed as a commissioned officer. Alternatively, the defendant moves for judgment upon the administrative record, arguing that the Secretary properly exercised her discretion in accepting the recommendation of the minority member of the BCNR. Because the court resolves the claims for wrongful discharge and back pay on the grounds that the statute of limitations has expired on those claims, it does not reach the defendant's alternative motion to dismiss those claims for failure to state a claim or for judgment upon the administrative record.

## DISCUSSION

Subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte*, and even on appeal. *Fanning, Phillips, Molnar v. West*, 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States*, 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.*, 933 F.2d 996, 998 n. 1 (Fed.Cir.1991). A plaintiff must establish jurisdiction by a preponderance of the evidence. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988); *Thomas v. United States*, 56 Fed.Cl. 112, 115 (2003); *Martinez v. United States*, 48 Fed.Cl. 851, 857 (2001), *aff'd in part*, 281 F.3d 1376 (Fed.Cir.), *reh'g denied* (2002); *Bowen v. United States*, 49 Fed.Cl. 673, 675, *aff'd*, 292 F.3d 1383 (Fed.Cir.2002);

*Vanalco, Inc. v. United States*, 48 Fed.Cl. 68, 73 (2000); *Alaska v. United States*, 32 Fed. Cl. 689, 695 (1995), *appeal dismissed*, 86 F.3d 1178 (Fed.Cir.1996) (table). When construing the pleadings pursuant to a motion to dismiss, the court should grant the motion only if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Brubaker Amusement Co. v. United States*, 304 F.3d 1349, 1355 (Fed.Cir.2002), *cert. denied sub nom. Penn Triple S v. United States*, 538 U.S. 921, 123 S.Ct. 1570, 155 L.Ed.2d 311 (2003); *Leider v. United States*, 301 F.3d 1290, 1295 (Fed.Cir.), *reh'g and, reh'g en banc denied* (2002), *cert. denied*, 538 U.S. 978, 123 S.Ct. 1786, 155 L.Ed.2d 666 (2003); *Conti v. United States*, 291 F.3d 1334, 1338 (Fed.Cir.2002), *cert. denied*, 537 U.S. 1112, 123 S.Ct. 904, 154 L.Ed.2d 785 (2003); *Consol. Edison Co. v. O'Leary*, 117 F.3d 538, 542 (Fed.Cir.1997), *cert. denied sub nom. Consol. Edison Co. v. Pena*, 522 U.S. 1108, 118 S.Ct. 1036, 140 L.Ed.2d 103 (1998); *see also New Valley Corp. v. United States*, 119 F.3d 1576, 1579 (Fed.Cir.), *reh'g denied, and reh'g en banc declined* (1997); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States*, 48 F.3d 1166, 1169 (Fed.Cir.), *cert. denied*, 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989); *W.R. Cooper Gen. Contractor, Inc. v. United States*, 843 F.2d 1362, 1364 (Fed.Cir.1988) ("When the facts alleged in the complaint reveal 'any possible basis on which the non-movant might prevail, the motion must be denied.'"); *RCS Enters., Inc. v. United States*, 46 Fed.Cl. 509, 513 (2000).

Pursuant to RCFC 8(a)(1) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." RCFC 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the

necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Nevertheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

When deciding a motion to dismiss based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99; *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.,* 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States,* 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States,* 119 F.3d at 1580), *cert. denied,* 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir. 2000); *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998); *Highland Falls–Fort Montgomery Cent., School Dist. v. United States,* 48 F.3d at 1167 (citing *Gould, Inc. v. United States,* 935 F.2d 1271, 1274 (Fed.Cir. 1991)); *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995); *Hamlet v. United States,* 873 F.2d at 1416; *Ho v. United States,* 49 Fed.Cl. 96, 100 (2001), *aff'd,* 30 Fed.Appx. 964 (Fed.Cir.2002); *Alaska v. United States,* 32 Fed.Cl. at 695. If a defendant or the court challenges jurisdiction or plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135

(1936); *see also Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Reynolds v. Army and Air Force Exch., Serv.,* 846 F.2d at 747; *Catellus Dev. Corp. v. United States,* 31 Fed.Cl. 399, 404–05 (1994). When considering a motion to dismiss for lack of subject matter jurisdiction, the court may examine relevant evidence in order to resolve any factual disputes. *See Moyer v. United States,* 190 F.3d 1314, 1318 (Fed.Cir. 1999); *Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d at 747; *see also Cedars–Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1584 (Fed.Cir.1993) ("In establishing predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony."), *cert. denied,* 512 U.S. 1235, 114 S.Ct. 2738, 129 L.Ed.2d 859 (1994); *Vanalco v. United States,* 48 Fed.Cl. at 73 ("If the truth of the alleged jurisdictional facts is challenged in a motion to dismiss, the court may consider relevant evidence to resolve the factual dispute.").

In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. 28 U.S.C. § 1491 (2000). The Tucker Act states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United*

*States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114, *reh'g denied,* 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976) (citing *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr,* 533 U.S. 289, 299 n. 10, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Ins. Co. of the West v. United States,* 243 F.3d 1367, 1372 (Fed.Cir.), *reh'g and reh'g en banc denied* (2001); *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir.1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), *cert. denied,* 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims; " 'it does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *White Mountain Apache Tribe v. United States,* 249 F.3d 1364, 1372 (Fed.Cir.2001), *aff'd,* 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1555–56 (Fed.Cir. 1997), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (*en banc* ), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. In order for a claim to be successful, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as man-

dating compensation by the federal government for the damages sustained.' " *White Mountain Apache Tribe v. United States,* 249 F.3d at 1372 (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948; *Tippett v. United States,* 185 F.3d 1250, 1254 (Fed.Cir.1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998), *reh'g denied* (1999)); *Doe v. United States,* 100 F.3d 1576, 1579 (Fed.Cir. 1996), *reh'g and reh'g en banc denied* (1997); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d at 1009.

*Statute of Limitations*

Suits against the United States are subject to a six year statute of limitations under 28 U.S.C. § 2501 (2000). This statute sets an express limitation on the jurisdiction granted to this court under the Tucker Act. *Martinez v. United States,* 333 F.3d 1295, 1304 (Fed. Cir.2003) (*en banc*), *cert. denied,* 540 U.S. 1177, 124 S.Ct. 1404, 158 L.Ed.2d 76 (2004); *Franconia Assocs. v. United States,* 240 F.3d 1358, 1362 (Fed.Cir.2001), *rev'd on other grounds,* 536 U.S. 129, 122 S.Ct. 1993, 153 L.Ed.2d 132 (2002); *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1376–77 (Fed. Cir.1998); *Brown Park Estates–Fairfield Dev. Co. v. United States,* 127 F.3d 1449, 1454 (Fed.Cir.1997); *Hart v. United States,* 910 F.2d 815, 817 (Fed.Cir.1990) (citing *Soriano v. United States,* 352 U.S. 270, 273–74, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957)); *Holloway v. United States,* 60 Fed.Cl. 254, 256 (2004). The six year time bar on actions against the United States is "jurisdictional, because filing within the six-year period was a condition of the waiver of sovereign immunity in the Tucker Act, 28 U.S.C. § 1491(a)(1)." *Caguas Cent. Fed. Sav. Bank v. United States,* 215 F.3d 1304, 1310 (Fed. Cir.2000), *cert. denied,* 531 U.S. 1070, 121 S.Ct. 759, 148 L.Ed.2d 661 (2001); *see also Martinez v. United States,* 333 F.3d at 1316; *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *Frazer v.*

**616**

United States, 288 F.3d 1347, 1351 (Fed.Cir. 2002); Brown Park Estates–Fairfield Dev. Co. v. United States, 127 F.3d at 1454; Holloway v. United States, 60 Fed.Cl. at 256. Because the statute of limitations affects this court's subject matter jurisdiction, the requirement is strictly construed, and may not be waived by the court. Alder Terrace, Inc. v. United States, 161 F.3d at 1376–77; Holloway v. United States, 60 Fed.Cl. at 256; Martinez v. United States, 48 Fed.Cl. at 857; Entines v. United States, 39 Fed.Cl. 673, 678 (1997), aff'd, 185 F.3d 881 (Fed.Cir.) (table), cert. denied, 526 U.S. 1117, 119 S.Ct. 1766, 143 L.Ed.2d 796 (1999); McDonald v. United States, 37 Fed.Cl. 110, 113 (1997), aff'd, 135 F.3d 778 (Fed.Cir.1998) (table).

■ The statute of limitations for a claim against the United States begins to run "when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment ....'" Martinez v. United States, 333 F.3d at 1303 (quoting Nager Elec. Co. v. United States, 177 Ct.Cl. 234, 240, 368 F.2d 847, 851 (1966), reh'g denied, 184 Ct.Cl. 390, 396 F.2d 977 (1968)); Franconia Assocs. v. United States, 240 F.3d at 1362; Alder Terrace, Inc. v. United States, 161 F.3d at 1377; Hopland Band of Pomo Indians v. United States, 855 F.2d at 1577; Lins v. United States, 231 Ct.Cl. 579, 582, 688 F.2d 784, 786 (1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 995 (1983); Oceanic Steamship Co. v. United States, 165 Ct.Cl. 217, 225, 1964 WL 8621 (1964); Holloway v. United States, 60 Fed.Cl. at 256. An action challenging discharge from military service accrues immediately upon discharge. Martinez v. United States, 333 F.3d at 1303; Hurick v. Lehman, 782 F.2d 984, 986 (Fed.Cir.1986); Bonen v. United States, 229 Ct.Cl. 144, 148, 666 F.2d 536, 539 (1981), cert. denied, 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1982); Joseph v. United States, 62 Fed.Cl. 415, 417 (2004); Holloway v. United States, 60 Fed.Cl. at 256. The plaintiff's cause of action for back pay accrues at the time of that discharge. See Martinez v. United States, 333 F.3d at 1303; Bowen v. United States, 292 F.3d 1383, 1386 (Fed.Cir.2002); Kirby v. United States, 201 Ct.Cl. 527, 531, 1973 WL 21341 (1973), cert. denied, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); Joseph v. United States, 62 Fed.Cl. at 417.

■ Mr. Teichman argues that the statute of limitations began "to run after the representative of the Assistant Secretary of the Navy refused to approve the Majority Conclusion of the BNCR [sic] ...." The Federal Circuit, however, has concluded that:

This court and the Court of Claims have frequently addressed and rejected the argument that the cause of action for unlawful discharge does not accrue until the service member seeks relief from a correction board and the correction board enters a final decision denying relief. The reasoning underlying that line of cases is that, since their creation, the correction boards have been regarded as a permissive administrative remedy and that an application to a correction board is therefore not a mandatory prerequisite to filing a Tucker Act suit challenging the discharge.

Martinez v. United States, 333 F.3d at 1304 (citations and footnote omitted); see also Joseph v. United States, 62 Fed.Cl. at 417. Because an application to a correction board is a permissive administrative proceeding, not a mandatory prerequisite to filing a claim challenging a discharge under the Tucker Act, application to such a board will not toll the statute of limitations on a claim pending exhaustion of the administrative remedy. See Martinez v. United States, 333 F.3d at 1304; Hurick v. Lehman, 782 F.2d at 987; Bonen v. United States, 229 Ct.Cl. at 148, 666 F.2d at 539; Holloway v. United States, 60 Fed.Cl. at 259. Mr. Teichman's application to the BCNR, which led to the Navy's final decision, did not toll the statute of limitations for filing a claim in this court. Accordingly, the time period for Mr. Teichman to file a claim for wrongful discharge or back pay expired six years after the date of his discharge on August 19, 1992. Therefore, Mr. Teichman's claims for wrongful discharge and back pay are barred by the statute of limitations because he filed his claim on July 8, 2004, approximately six years after the statute of limitations had run on his claims.

Mr. Teichman also argues that the "half-a-legal-loaf" doctrine should apply to his case and should allow him to renew his case in this court, the statute of limitations notwithstanding. Pursuant to this doctrine, "where a Corrections Board in its discretion grants favorable relief to an applicant, it may not stop short of granting full relief to the applicant. Failure of the Board to grant full relief results in what the court had termed 'a new cause of action' or a 'continuing claim' which revives the limitation period." *Homcy v. United States,* 210 Ct.Cl. 332, 337–38, 536 F.2d 360, 363–64 (1976), *cert. denied,* 429 U.S. 984, 97 S.Ct. 502, 50 L.Ed.2d 595 (1976) (quoting *Denton v. United States,* 204 Ct.Cl. 188, 195 (1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1949, 44 L.Ed.2d 449 (1975); *see also De Bow v. United States,* 193 Ct.Cl. 499, 503, 434 F.2d 1333, 1335 (1970), *cert. denied,* 404 U.S. 846, 92 S.Ct. 150, 30 L.Ed.2d 84 (1971). For the "half-a-legal-loaf" doctrine to apply, however, the correction board must have determined that the applicant was entitled to relief. In Mr. Teichman's case, the BCNR did not determine that he was entitled to any relief or reach a final decision because the BCNR did not reach a unanimous decision. The BCNR was not permitted to take final action on the majority opinion because of the minority dissent and the absence of unanimity. *See* 32 C.F.R. § 723.6(e)(ii). The final decision in Mr. Teichman's BCNR case was the decision issued on behalf of the Secretary of the Navy on July 8, 1998, which denied the plaintiff any relief. Therefore, the. "half-a-legal-loaf" doctrine does not apply to toll the statute of limitations on Mr. Teichman's claims for wrongful discharge and back pay.

## Constitutional Claims

In his complaint, Mr. Teichman also alleges that the United States violated his constitutional rights when the Secretary did not adopt the BCNR's majority's decision. In that complaint, however, Mr. Teichman did not specifically state on which constitutional provisions he bases his allegations, although he was somewhat more specific in his application for relief to the BCNR. To the extent that Mr. Teichman may be alleging a violation of his rights to due process and equal protection when the Navy did not adopt the BCNR's majority decision, because he alleges disparate treatment compared to others who allegedly committed the same offense, this court has no jurisdiction over such claims. Claims of violations of the Due Process and Equal Protection clauses of the Fifth Amendment and the Fourteenth Amendment are not within this court's jurisdiction because those clauses do not support a claim for money damages against the United States, as discussed above and required for jurisdiction in this court. *See Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir. 1997); *Collins v. United States,* 67 F.3d 284, 288 (Fed.Cir.) (citing additional cases), *reh'g denied* (1995); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995); *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir. 1988); *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987); *see also Frank's Livestock & Poultry Farm, Inc. v. United States,* 17 Cl.Ct. 601, 607 (1989) (asserting that "constitutional violations, other than a taking claim under the Fifth Amendment, do not state a cause of action for monetary relief against the United States in the Claims Court.") (citations omitted), *aff'd,* 905 F.2d 1515 (Fed.Cir.), *reh'g and reh'g en banc denied* (1990).[1] Accordingly, this court has no jurisdiction over Mr. Teichman's constitutional claims.

## Administrative Procedure Act Claim

Mr. Teichman also petitioned this court for leave "to amend his complaint to include an APA [Administrative Procedure Act] count," citing *Lebrun v. England,* 212 F.Supp.2d 5 (D.D.C.2002). Mr. Teichman's request is denied. This court does not have jurisdiction over claims for relief pursuant to the APA. *See Martinez v. United States,* 333 F.3d at 1313 ("[T]he Court of Federal Claims lacks APA jurisdiction....") (citing *Murphy v. United States,* 993 F.2d 871, 874 (Fed.Cir. 1993), *cert. denied,* 511 U.S. 1019, 114 S.Ct. 1402, 128 L.Ed.2d 75, *reh'g denied,* 511 U.S. 1118, 114 S.Ct. 2123, 128 L.Ed.2d 681 (1994)).

---

1.  Mr. Teichman has not asserted a Fifth Amendment takings claim, nor does the record support a takings claim.

In contrast, the court in *Lebrun*, cited by plaintiff, was a United States District Court with APA jurisdiction. *See Lebrun v. England*, 212 F.Supp.2d at 11, 14.

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the plaintiff's complaint is **GRANTED**. The clerk's office shall enter **JUDGMENT** for the defendant consistent with this opinion. Costs to the defendant.

**IT IS SO ORDERED.**