NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL A. BRUZZONE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1470

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01261-RTH, Judge Ryan T. Holte.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Following the filing of Michael A. Bruzzone's combined opening brief and appendix, the United States moves to summarily affirm the United States Court of Federal Claims' judgment dismissing Mr. Bruzzone's complaint for lack of subject matter jurisdiction. Mr. Bruzzone opposes.

Mr. Bruzzone filed a complaint with the Court of Federal Claims seeking $68,750,000 based on the False Claims

Act, 31 U.S.C. § 3729, and related, alleged contracts with the United States. Op. Br. at 46; Mot. at 4–5. The claims center around a series of suits Mr. Bruzzone has brought against various defendants in various district courts based on alleged misconduct. *See* Appx52 nn.1–2 (collecting cases). The Court of Federal Claims dismissed the complaint, and Mr. Bruzzone appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

We agree with the government that summary disposition is appropriate here because there is no "substantial question regarding the outcome" of Mr. Bruzzone's appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted).

First, the Court of Federal Claims properly determined that Mr. Bruzzone could not bring his False Claims Act claim in that court. Such "*qui tam* suits may only be heard in the district courts," *LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995). And where, as here, a litigant has already unsuccessfully pursued such a claim in district court, we have held that the purported *qui tam* plaintiff "has no right to recover" under the Tucker Act. *Id*. at 1030; *see Stinson, Lyons & Bustamante, P.A. v. United States*, 79 F.3d 136, 138 (Fed. Cir. 1996).[1] Thus, there is no

---

[1]    Mr. Bruzzone notes that he previously appealed the district court's decision to this court. But, contrary to Mr. Bruzzone's arguments, Op. Br. at 25, 47, we transferred the case to the United States Court of Appeals for the Ninth Circuit without addressing whether Mr. Bruzzone was, in fact, a relator, Appeal No. 2014-1608, ECF No. 28 (Oct. 7, 2014) (Mot. Ex. C at 62–63). Although the caption listed "Michael A. Bruzzone, Relator Original Source" as the plaintiff-appellant, that was not a finding by this court but merely a ministerial recitation of how the parties were listed in the district court's docket. The Ninth Circuit

substantial question that the Court of Federal Claims properly dismissed these claims.

Second, there is also no substantial question that Mr. Bruzzone's breach of contract claims were properly dismissed. The *qui tam* actions themselves do not give rise to any contractual obligations because, at most, they arise only from an imputed promise to perform a legal duty. The Court of Federal Claims lacks jurisdiction over any such implied-in-law contract, even if it were to exist in this case. *Hercules Inc. v. United States*, 516 U.S. 417, 423–24 (1996).

Finally, we see no basis for disturbing the dismissal of the complaint based on communications related to Mr. Bruzzone's prior *qui tam* actions. In particular, Mr. Bruzzone relies on: (1) an unsolicited, generic letter from the Department of Justice that noted its decision not to intervene in his original *qui tam* action and Mr. Bruzzone would likely not be able to pursue his *qui tam* action without retaining his own attorney, Appx67–69; (2) an email from a Department of Justice attorney noting that "[i]f you retain an attorney for your case(s), please have him or her contact me," Appx71; and (3) a letter to the office of a U.S. Senator noting that "Mr. Bruzzone may obtain his own attorney and proceed," Appx72. The Court of Federal Claims was clearly correct that there is no non-frivolous explanation as to how any of these communications could possibly constitute a contract with the United States. Each notes that Mr. Bruzzone could have retained his own attorney to pursue his *qui tam* claims in district court (he apparently did not) but none suggest a "meeting of minds" as to any agreement where the United States would provide him an attorney or perform any other action that Mr. Bruzzone has alleged,

---

ultimately dismissed the appeal, which Mr. Bruzzone appears not to have contested. Appeal No. 14-17027, ECF No. 5.

*Hercules*, 516 U.S. at 423–24 (citation omitted).[2]  And we do not see how Mr. Bruzzone's other alleged communications with government officials and agencies, or any of his other arguments, change the result in this case.

Accordingly,

IT IS ORDERED THAT:

(1)  Mr. Bruzzone's combined opening brief and appendix (ECF No. 12) is accepted for filing.

(2)  The motion is granted.  The Court of Federal Claims' judgment is summarily affirmed.

(3)  Each side shall bear its own costs.

                                        FOR THE COURT

July 8, 2022                            /s/ Peter R. Marksteiner
     Date                               Peter R. Marksteiner
                                        Clerk of Court

---

[2]    The Court of Federal Claims' dismissal relied on our precedent that has held that it lacks jurisdiction over contract claims that are based on "wholly insubstantial and frivolous" allegations. *Lewis v. United States*, 70 F.3d 597, 602 (Fed. Cir. 1995) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).  Even if it would have been more appropriate for the court to instead dismiss for failure to state a claim for relief, *see Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1354 (Fed. Cir. 2011), we could still affirm without requiring a formal modification of the judgment.  *See Lewis*, 70 F.3d at 604; *see also Wash. Fed. v. United States*, 26 F.4th 1253, 1263 n.6 (Fed. Cir. 2022) ("[W]e may affirm the Claims Court's dismissal on any grounds supported by the record.").